372 So.2d 65 (1979)
John A. SPENKELINK, Appellant,
v.
STATE of Florida, Appellee.
No. 56810.
Supreme Court of Florida.
May 21, 1979.
Andrew A. Graham, Cocoa, and David E. Kendall, Washington, D.C., for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Upon consideration of the Motion for Stay of Execution, briefs of the parties, and the record on appeal it is ordered that the Motion for Stay of Execution be and the same is hereby denied, and the order of the trial court denying the motion to vacate, set aside, or correct sentence pursuant to rule 3.850 of the Florida Rules of Criminal Procedure is affirmed.
ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, C.J., concurs specially with an opinion.
HATCHETT, J., concurs specially with an opinion.
ENGLAND, Chief Justice, concurring specially.
I concur in the Court's judgment. The only issue raised by Spenkelink in this proceeding that has not previously been fully adjudicated is the assertion that, under the standards enunciated and applied in our more recent decisions, the finding that this capital felony was "especially heinous, atrocious, or cruel" should be stricken. Whether such a claim predicated on subsequent interpretations of the statutorily prescribed aggravating or mitigating circumstances is ever a proper basis for relief as a general matter,[1] or whether that particular finding is subject to question in this case, it is clear that Spenkelink would not be entitled to relief from his sentence in any event.
In his original sentencing order, the trial judge found that there existed four statutory aggravating circumstances and that no mitigating factors were established. These findings were affirmed on direct appeal, and no argument was advanced at that time to suggest any error in the trial court's sentence. Moreover, after thoroughly reviewing the evidence, a majority of this Court concluded that "[t]he aggravating circumstances justify imposition of the death sentence," and that Spenkelink "showed no mitigating factors to require a more lenient sentence." Spinkellink v. State, 313 So.2d 666, 671 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The federal courts have agreed. Spenkelink v. Wainwright, 578 F.2d 582, 599-606 (5th Cir.1978), cert. denied, ___ U.S. ___, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).
*66 We have repeatedly held that "[w]hen one or more of the aggravating circumstances is found, death is presumed to be the proper sentence unless it or they are overridden by one or more of the mitigating circumstances... ." State v. Dixon, 283 So.2d 1, 9 (Fla. 1973). See also, e.g., Foster v. State, 369 So.2d 928, 931 (Fla. 1979); LeDuc v. State, 365 So.2d 149, 152 (Fla. 1978). Thus even if we were to strike as improper the finding which Spenkelink now contests, there would remain three properly found aggravating circumstances and no mitigating factors  a situation which we have previously held does not justify disturbing the sentence of death. See Washington v. State, 362 So.2d 658, 666 (Fla. 1978); Elledge v. State, 346 So.2d 998, 1002-03 (Fla. 1977).
HATCHETT, Justice, concurring specially.
I concur specially for the reasons stated in Spenkelink v. State, 350 So.2d 85 (Fla. 1977).
NOTES
[1] This contention has been expressly rejected by the Fifth Circuit Court of Appeals. Spenkelink v. Wainwright, 578 F.2d 582, 604-05 (5th Cir.1978), cert. denied, ___ U.S. ___, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).