373 So.2d 895 (1979)
Howard Virgil Lee DOUGLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 57329.
Supreme Court of Florida.
July 20, 1979.
Elliott C. Metcalfe, Jr., Public Defender and Larry Helm Spalding, Asst. Public Defender, *896 Sarasota and Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Richard W. Prospect and Raymond L. Marky, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
We have for consideration an expedited appeal from a proceeding for post-conviction relief under Florida Rule of Criminal Procedure 3.850, and a request to stay appellant's scheduled execution. The order brought here for review denied all relief in appellant's collateral attack on his conviction and sentence for first degree murder. See Douglas v. State, 328 So.2d 18 (Fla.), cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976).
Appellant's application for a stay of execution raised five legal issues. Appellant concedes that one of these (Issue I), an alleged denial of counsel for post-conviction legal proceedings, is moot. He has formally abandoned in his reply brief and in argument to the Court a second of these (Issue IV), an alleged lack of notice as to aggravating circumstances presented by the state in the sentencing phase of his trial.
A third contention (Issue II), that this Court considered an improper aggravating circumstance in upholding the trial court's sentence of death, is unavailing for the relief requested even if true, since appellant concedes the absence of any mitigating circumstance which would affect the presumptive sentence of death raised by the admittedly valid aggravating circumstance of atrocity. See Spenkelink v. State, 372 So.2d 65 (Fla. 1979) (England, C.J., concurring); State v. Dixon, 283 So.2d 1 (Fla. 1973); Elledge v. State, 346 So.2d 998 (Fla. 1977).
A fourth contention (Issue V) is that appellant was denied the effective assistance of counsel at the sentencing proceeding immediately following his trial. Aside from the absence of any factual showing to support this suggestion, an affirmative showing to the contrary in the trial court, and appellant's unexplained failure to suggest this basis for relief at any earlier stage in his legal proceedings (including his clemency proceeding before the governor and cabinet), appellant cannot suggest to the Court any reasonable manner in which more effective counsel could have done more for appellant than the counsel he now repudiates. Appellant's trial counsel secured a jury recommendation of life imprisonment, the most favorable result he could obtain once he had been convicted of first degree murder. We do not consider meritorious to any degree the suggestion now made that trial counsel was "ineffective" because he failed to persuade the trial judge to follow rather than override the jury's recommendation. Finally, counsel for appellant concedes that, in order to prevail on this issue, we must overrule our decision in Cappetta v. Wainwright, 203 So.2d 609 (Fla. 1967), recently approved without comment in Hardin v. Wainwright, 359 So.2d 1215 (Fla. 1978). No basis for now rejecting Cappetta is suggested, however.
Appellant's final argument (Issue III) is that a sentence of death imposed by a trial court after a jury recommendation of life imprisonment constitutes double jeopardy. In support of a stay of execution, appellant notes that this argument is developed more fully in at least two cases now pending here on direct review of a death sentence,[*] and he suggests that we should stay his execution pending our resolution of that point in those cases. On the merits of this issue, appellant essentially argues that a jury's life recommendation is tantamount to a judgment of acquittal of a crime for which a death sentence is appropriate, because it reflects either an absence of proven aggravating circumstances or an absence of proof that the aggravating circumstances outweigh any mitigating circumstances. We are compelled to reject this double jeopardy argument, on its merits, for two basic reasons.
First, the role of the jury under Florida's death penalty statute was analyzed and approved *897 by the United States Supreme Court in Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), where it was found to be "advisory" only. 428 U.S. at 249, 96 S.Ct. 2960. Although the precise foundation of a "double jeopardy" argument was not presented to the high court in Proffitt, that court not only understood the jury's role in Florida's scheme for imposing the death sentence but expressly approved its validity against a backdrop of Florida caselaw which established the framework for trial judges to override a jury's recommendation of a life sentence. See 428 U.S. at 249-53, 96 S.Ct. 2960. Plainly, the supreme court did not consider a jury recommendation of life imprisonment to be an acquittal of a death-appropriate crime, so as to bar imposition of a death sentence by the trial judge.
Second, and perhaps more important, we reject appellant's double jeopardy argument because it would not only achieve the limited goal appellant seeks for himself, but would simultaneously place our statute in contravention of the directives of the United States Supreme Court. To accept appellant's argument would mean that a trial judge and this Court would be bound by a jury recommendation of life imprisonment. A jury recommendation of death, appellant suggests, would be subject to review and reduction to life imprisonment by the trial judge or by this Court. But these alternatives approach the ones in existence in Florida under the state's prior death penalty statute, the operation of which was condemned by the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Contrary to appellant's suggestion, it is the new statute, and not the old procedure he would now have us resurrect, which meets federal constitutional muster. Proffitt v. Florida, 428 U.S. 242, 253, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
Appellant's constitutional and other contentions are rejected, the order of the trial court denying post-conviction relief is affirmed, and the application for a stay of execution is denied.
Due to the exigencies of this case, we dispense with rehearing.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ENGLAND, C.J., and SUNDBERG, J., concur specially with an opinion.
ENGLAND, Chief Justice, and SUNDBERG, Justice, concurring specially.
Unlike the appeal taken by Robert Sullivan from a denial of his request for post-conviction relief last month,[*] this appeal brings us no issue which the trial court found sufficiently meritorious to require an evidentiary hearing. In Sullivan's case, we declined to decide the merits of the issue presented on an expedited basis, before having briefs, argument, and deliberation. There, one of our colleagues joined in expressing a belief that Sullivan had presented "at least three colorably meritorious issues," and it seemed to us necessary to enter a stay order on the ground that the appeal raised issues on which there was a reasonable likelihood that Sullivan would succeed.
The present case is vastly different from Sullivan. As the Court's recitation and analysis of the issues reveal, none of the issues show any reasonable prospect of success for Douglas. Accordingly, having had the benefit of briefs and oral argument, we are willing to accord the merits of this appeal expedited consideration, much as we would deal with issues on appeal which are patently frivolous. See Proffitt v. State, 372 So.2d 1111 (Fla. 1979); Spenkelink v. State, 372 So.2d 65 (Fla. 1979).
NOTES
[*] Phippen v. State, No. 54,664; Porter v. State, No. 55,841.
[*] Sullivan v. State, 372 So.2d 938 (Fla. 1979).