398 So.2d 439 (1981)
Jacob John DOUGAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 47260.
Supreme Court of Florida.
April 9, 1981.
Rehearing Denied June 4, 1981.
Joseph M. Nursey, Atlanta, Ga., for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton and David P. Gauldin, Asst. Attys. Gen., Tallahassee, for appellee.
*440 PER CURIAM.
Jacob Dougan was convicted of first degree murder and sentenced to death in a trial proceeding which we affirmed on direct appeal. Barclay v. State, 343 So.2d 1266 (Fla. 1977), cert. denied, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 237 (1978). At approximately the same time that our decision was rendered in that case, the United States Supreme Court released its opinion in Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), holding that it is a denial of due process for the death sentence to be imposed when the trial judge, in weighing the aggravating and mitigating circumstances of the case, considers information which the defendant had no opportunity to deny or explain.
In order to provide for all persons whose sentences of death had been approved by this Court the protections which Gardner required, and to provide for a uniform procedure to hear applications for relief filed in reliance on Gardner, we entered so-called "Gardner relief orders" for all affected individuals. After one such order was entered for Dougan, we vacated Dougan's sentence and remanded for resentencing, Barclay v. State, 362 So.2d 657 (Fla. 1978), because the record and response of the trial judge did not clearly indicate that Dougan's counsel had a meaningful opportunity to be heard on any of the matters contained in the pre-sentence investigation report which the trial judge had considered in his original sentencing order. In taking that action, we expressly remanded the case for a new hearing "at which the defense [would have] the opportunity to rebut any of the information contained in the pre-sentence investigation reports... ." Id. at 658. Our directive was quite clear that this Court would review a reimposition of the death penalty. "limited to matters related to the compliance with this order." Id.
The trial judge who originally sentenced Dougan conducted a three-day hearing at which Dougan's attorney produced twenty-six character witnesses and made a number of motions. All motions were denied by the trial judge, and at the conclusion of the hearing a new death sentence was imposed. The case is now back in this Court to review that sentence of death. On the basis of a close review of the transcript of the three-day hearing and all other matters submitted to the Court in conjunction with the appeal now pending, we are satisfied that the trial judge's new sentence of death is appropriate.
Counsel for Dougan filed multiple motions during the course of the Gardner remand proceeding, not one of which was directed to the mandate we had issued. Treating the remand as an opportunity to revisit the constitutionality of the death penalty, the bias of the trial judge, the impropriety of articulated aggravating circumstances found in the original sentencing order, and a range of other matters unrelated to our directive, Dougan's counsel endeavored to treat the remand as a full-blown sentencing proceeding. The trial judge properly rejected counsel's attempt to expand the proceeding. Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).[1]
Our vacation of Dougan's death sentence for Gardner relief was technically-based, serving the sole purpose of allowing Dougan's counsel to demonstrate that matters contained in the pre-sentence investigation report were improper and prejudicial. Dougan has now had that opportunity, and from the record he has failed to show that any information contained in the pre-sentence investigation report was in any way erroneous, misleading or prejudicial.
We now hold that Dougan was not prejudiced by the trial court's early consideration of a pre-sentence investigation report which his counsel originally had no opportunity to rebut, that the original findings of the trial court were not tainted or *441 otherwise rendered invalid by the pre-sentence investigation report, and that the reimposition of a death penalty was proper. We affirm the sentence imposed by the trial judge.[2]
It is so ordered.
ADKINS, Acting C.J., and BOYD, ENGLAND and ALDERMAN, JJ., concur.
McDONALD, J., dissents with an opinion with which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
I dissent. The original sentence in this cause was vacated. If execution as ordered is to take place, then that execution must be predicated on the last-imposed sentence, which must be free from infirmities. Just because it is the same as a prior affirmed sentence does not necessarily make this one correct; it must pass constitutional muster on its own. This sentence does not.
After previously stating that the facts of contempt were unknown, the trial judge wrongfully found that two criminal contempt convictions constituted the aggravating factors of being under a sentence of imprisonment when the murder was committed and conviction of a felony involving the use of threat or violence. Neither is true.[1] The judge also improperly found that in committing the murder the defendant knowingly created a great risk of death to many persons. There was evidence that the defendant may have sought other victims when he perpetrated this murder, but the murder endangered no one but the victim. The test set out in Kampff v. State, 371 So.2d 1007 (Fla. 1979), is not met. I also disagree with the apparent prior conclusion of this Court that anything supports the trial judge's finding that the murder was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of law[2] because I don't believe the legislature intended for that aggravating factor to apply to the circumstances of this case. Evidence supports only two of the court's findings: that the murder was committed during a kidnapping and that the murder was heinous, atrocious and cruel.
Besides finding at least two unfounded aggravating factors, the trial judge failed to recognize one statutory mitigating factor.[3] Also, the defendant presented substantial nonstatutory mitigating evidence. This evidence was properly presented and related to information on the defendant's background, which had been addressed in the pretrial report. While the trial judge was not required to agree with such evidence, he should at least have considered it and made some reference to it in the weighing process.
I would remand this cause for a new sentencing proceeding.
OVERTON, J., concurs.
NOTES
[1] See also Funchess v. State, 399 So.2d 356 (Fla. 1981) (trial court on remand for Gardner relief properly refused to provide an entirely new sentencing proceeding in which a new advisory jury could be reconvened).
[2] Our disposition of this proceeding in accordance with the limitations imposed at the time we remanded this proceeding to the trial judge makes unnecessary any consideration of multiple challenges which Dougan raises to the proceeding below, to the imposition of the death penalty, to the motion denials by the trial judge, and to the absence of a resentencing jury. That the disposition of these matters is unnecessary to this proceeding does not mean that we have not reviewed or considered the arguments presented by Dougan's counsel in this appeal. We have, and the fact is that each argument presented by Dougan's counsel is fully, adequately and accurately refuted or rebutted by the contrary contentions made in appellee's brief.
[1] See Barclay v. State, 343 So.2d 1266, 1271 n. 3 (Fla. 1977).
[2] Id. n. 5.
[3] No significant prior criminal activity.