433 So.2d 508 (1983)
Joseph Robert SPAZIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 50250.
Supreme Court of Florida.
May 26, 1983.
Rehearing Denied July 13, 1983.
*509 Richard L. Jorandby, Public Defender, Craig S. Barnard, Chief Asst. Public Defender and Jerry L. Schwarz, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Tallahassee, Richard W. Prospect and Sean Daly, Asst. Attys. Gen., Daytona Beach, for appellee.
*510 PER CURIAM.
This is an appeal from a death sentence which was reimposed upon appellant following a resentencing hearing ordered by this Court in Spaziano v. State, 393 So.2d 1119 (Fla.), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981). We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
Appellant was convicted in 1976 of the first-degree murder of Laura Harberts. The testimony at appellant's trial revealed that appellant "often bragged about the girls he had mutilated and killed," and that on one occasion he had taken two individuals to a dump site to show them two corpses to substantiate his claim of responsibility for the murders. One of the individuals accompanying appellant to the dump site later directed police officers to the bodies, one of which was identified through the use of dental records as being that of Miss Harberts.
The jury recommended that appellant be sentenced to life imprisonment. The trial judge, at the initial sentencing proceeding, ordered and considered a presentence investigation report. He imposed the death sentence, finding two aggravating circumstances: (1) that the offense was committed in a manner which was heinous, atrocious, and cruel; and (2) that the defendant was previously convicted of felonies involving the use or threat of violence to the person. These felony convictions were listed in the presentence investigation report, and included two convictions discussed in a confidential section of the report which the appellant was not given the opportunity to explain or deny.
On appeal, we affirmed appellant's conviction, but remanded for resentencing to comply with the dictates of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), which was decided after the trial of this case.
Following our remand, the trial judge ordered a new presentence investigation report and conducted a hearing to provide appellant the opportunity to respond to the report. Following this sentencing hearing, the trial judge reimposed the death sentence, once again finding two aggravating and no mitigating circumstances. Appellant raises five asserted errors in the resentencing proceedings.
Appellant first contends that at the resentencing hearing the trial judge improperly allowed the state to introduce new evidence in support of an aggravating circumstance. In the original sentencing phase, the trial judge rejected the state's proffer of evidence to the jury which established the appellant's conviction of forcible carnal knowledge and aggravated battery because the conviction was then on appeal. This information was also contained in the original presentence investigation report. Upon remand, because this conviction was affirmed on appeal, the trial judge did consider it as an aggravating circumstance in the resentencing proceedings. Appellant contends that the consideration of this conviction improperly expanded the scope of the remand in violation of Songer v. State, 365 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979), and Dougan v. State, 398 So.2d 439 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 367, 70 L.Ed.2d 193 (1981), and in effect allowed the state to reopen its case to prove additional aggravating factors in the sentencing phase in violation of the double jeopardy rule set out in Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). We reject this contention.
Neither Songer nor Dougan is applicable here. In each case this Court rejected appellant's attempt to expand the Gardner remand proceedings beyond the limited purpose of explaining or denying the contents of the presentence investigation report by either calling character witnesses whose testimony was not relevant to the report or by attempting to create a full-blown sentencing proceeding. The conviction considered by the court in the resentencing proceedings was in fact contained in the original presentence investigation report and the trial judge could have properly considered this conviction during the original *511 sentencing phase. In Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981), we held that a trial judge could take into account convictions which were on appeal at the time of sentencing. Not only could the trial judge have considered the appellant's conviction in the original proceeding, but the information of the conviction as an aggravating circumstance was previously before the court. This circumstance does not expand the scope of the remand by allowing the state to introduce new evidence. The evidence clearly had been submitted in the initial proceedings. We hold that the trial judge may properly apply the law and is not bound in the remand proceedings by a prior legal error. [We note Peek was decided subsequent to the first trial.] There was no Bullington double jeopardy violation and appellant was given a full opportunity to explain or deny the conviction in the resentencing process.
Appellant secondly contends that the trial court erred in considering the appellant's previous convictions for felonies involving violence, when such convictions were not presented to the jury for consideration in the original sentencing proceedings. According to the appellant, the trial judge's actions were violative of section 921.141, Florida Statutes (1973), Florida's death penalty provision, and the eighth and fourteenth amendments of the United States Constitution. The appellant's contention is without merit. In White v. State, 403 So.2d 331, 339 (Fla. 1981), we upheld a sentence of death imposed by the trial judge in the face of the jury's recommendation of life where the trial judge "noted that as a result of the presentence investigation and information presented at sentencing he was made aware of a number of factors which the jury did not have an opportunity to consider." Because the aggravating circumstances outweighed any possible mitigating circumstances, the trial judge concluded that the death sentence was appropriate and we affirmed. We reach the same conclusion in this case.
Third, appellant contends that the trial court erred in overriding the jury's recommendation of life because the aggravating circumstances considered by the trial judge were improper. We have already discussed and approved the aggravating circumstance of a prior conviction of a violent felony. We also conclude that the other aggravating circumstance, that the murder was heinous, atrocious, and cruel, was properly determined by the trial judge to be applicable to this case. One of the individuals who accompanied the appellant to the dump site to view the two corpses testified that the bodies were covered with "quite a bit" of blood and he could see cuts on the breasts, stomach, and chest. The witness further testified that appellant told him of how he tortured the victim with his knife while she was still living. This testimony of appellant's treatment of his victim clearly places his acts within the category of "conscienceless or pitiless crime which is unnecessarily tortuous to the victim" so as to set this "crime apart from the norm of capital felonies." State v. Dixon, 283 So.2d 1, 9 (Fla. 1973), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974). We find the facts suggesting that the death sentence be imposed over the jury's recommendation of life, including the prior conviction of a violent felony which the jury did not have an opportunity to consider, meets the clear and convincing test to allow override of the jury's recommendation in accordance with previous decisions of this Court. Tedder v. State, 322 So.2d 908 (Fla. 1975).
Fourth, the appellant contends that the imposition of the death sentence following a jury recommendation of life imprisonment violates the double jeopardy protections of the fifth amendment of the United States Constitution and conflicts with Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). Bullington is not applicable to this case. The Florida death penalty procedure is not based on a controlling jury recommendation concerning sentencing, as was the Missouri procedure in Bullington. More important, however, this is not a case in which the appellant has been granted a new trial and has *512 been resentenced by a new jury. This Court has already decided the double jeopardy issue raised by appellant. In Douglas v. State, 373 So.2d 895 (Fla. 1979), it was argued that "a jury's life recommendation is tantamount to a judgment of acquittal of a crime for which a death sentence is appropriate, because it reflects either an absence of proven aggravating circumstances or an absence of proof that the aggravating circumstances outweigh any mitigating circumstances." Id. at 896. We rejected this argument in Douglas for two reasons. First, the jury's function under the Florida death penalty statute is advisory only. See Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976). Second, allowing the jury's recommendation to be binding would violate Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).
Fifth, the appellant contends that he was denied due process because the resentencing proceedings were not assigned to a new judge. The trial judge denied appellant's motion for substitution of judge in the resentencing proceedings. Appellant contends that a sentencing judge who has heard and relied upon improper evidence in imposing a death sentence cannot without difficulty consider proper factors on resentencing without also considering the improper evidence. To adopt this assertion would mean that whenever a defendant must be resentenced in any proceeding, a new judge must be assigned. We note that appellant offers no evidence of bias or prejudice on the part of the sentencing judge other than the fact that he was the trial judge in this case. In Douglas v. Wainwright, 521 F. Supp. 790 (M.D.Fla. 1981), the court rejected a similar argument, finding that the sentencing judge's statements showed that improper convictions were not used against the defendant in sentencing. The court in Douglas followed United States v. Gaither, 503 F.2d 452 (5th Cir.1974), cert. denied, 420 U.S. 961, 95 S.Ct. 1349, 43 L.Ed.2d 437 (1975), which held that it is not inherently impossible for a court to disclaim consideration of an improper conviction in sentencing while still having knowledge of the conviction. We conclude that the evidence in the instant case clearly indicates that the sentencing judge properly disregarded the information in the original presentence investigation report in resentencing appellant.
For the reasons expressed, we affirm the imposition of the death sentence.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and EHRLICH, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Judge, dissenting.
I dissent on the sentence of death primarily because the jury recommended life. I see no compelling reason to override that recommendation. The jury viewed this defendant and listened to the details of this homicide. They could conclude that a life sentence is appropriate. After all, Spaziano was known as "Crazy Joe." When he was 20 years old he was involved in a serious accident. Ever since then he has not been "normal." The jury could well find that he was entitled to the statutory mental mitigating factors. The bizarre and gross nature of this homicide is supportive of that finding. Certainly on factual disputes the trial judge, and we on review, should yield any contrary beliefs to that of the jury. I would remand with instructions to impose a life sentence without eligibility for parole for twenty-five years.