489 So.2d 720 (1986)
Joseph Robert SPAZIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 67929.
Supreme Court of Florida.
May 22, 1986.
Rehearing Denied July 7, 1986.
Thomas A. Horkan, Jr., Executive Director of Florida Catholic Conference, Richard W. Ervin of Ervin, Varn, Jacobs, Odom and Kitchen, and Larry Helm Spalding, Capital Collateral Representative, and Michael A. Mello and Mark Evan Olive, Asst. Capital Collateral Representatives, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Joseph Robert Spaziano appeals from the trial court's denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. On November 25, 1985, we entered a stay of execution to consider this appeal. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the denial of relief and vacate the stay of execution.
In 1976, Spaziano was convicted of the first-degree murder of Laura Harberts and, over the jury's recommendation that a life sentence be imposed, sentenced to death by the trial judge. On direct appeal, this Court affirmed Spaziano's conviction but vacated the death sentence and remanded for resentencing on the grounds that the trial court relied upon nonstatutory aggravating factors in violation of section 921.141, Florida Statutes (1975), and that it did not comply with the requirements of Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Spaziano v. State, 393 So.2d 1119 (Fla.), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981). The trial judge again imposed the death sentence and entered a new sentencing order. On appeal, we affirmed. Spaziano v. State, 433 So.2d 508 (Fla. 1983), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).
*721 In this proceeding, Spaziano contends (1) that his sentence was imposed in violation of Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); (2) that his trial counsel provided ineffective assistance in that counsel allegedly failed to discover that the testimony of the state's key witness was the product of grossly suggestive police hypnosis and to reveal the incredibility of that testimony to the jury; and (3) that his counsel was ineffective because he did not raise the issue of Spaziano's competence to stand trial and to waive a psychiatric defense in the sentencing phase of the proceeding.
We reject Spaziano's first contention. The record establishes that, prior to resentencing, the state filed a pleading entitled "Motion to Compel Disclosure/Statement of Particulars of Non-Statutory Mitigating Circumstance." At the hearing held on this motion, the prosecutor conceded that, under Lockett, Spaziano was entitled to present evidence of non-statutory mitigating factors. The trial judge agreed: "I don't think, in view of Lockett, I can put a straitjacket on [defense counsel] here." On the basis of this record, we distinguish this case from Harvard v. State, 486 So.2d 537 (Fla. 1986),[*] and find no violation of Lockett.
Spaziano next asserts that his counsel was ineffective because counsel failed to discover and reveal the suggestiveness of hypnosis performed on a key state witness. Nine years after Spaziano's trial took place, this Court held that, because that hypnotically refreshed evidence has not yet been proved reliable, it is per se inadmissible in criminal trials. See Bundy v. State, 471 So.2d 9 (Fla. 1985). In effect, Spaziano is now claiming that his counsel was ineffective for failing to anticipate the Bundy decision. Spaziano contends that the state's use of this hypnotically refreshed testimony violated his right to a fair trial under the United States Constitution. The trial judge denied relief on this issue, finding that trial counsel's actions were strategic and noting that counsel was aware the witness had been hypnotized and objected at the time of the trial to any mention of the hypnosis. We reject Spaziano's contention and find no valid claim of ineffective assistance of counsel under the standards set forth in Knight v. State, 394 So.2d 997 (Fla. 1981), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Similarly, in response to Spaziano's third point, we find counsel was not ineffective in failing to raise competency as an issue.
We also reject appellant's suggestion that we disregard the United States Supreme Court's determination that this state's jury override procedure is constitutional, see Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), and that we hold the procedure unconstitutional under the Florida Constitution. See Echols v. State, 484 So.2d 568 (Fla. 1985); Porter v. State, 429 So.2d 293 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983).
For the reasons expressed, we affirm the trial court's order denying appellant's motion for post-conviction relief and vacate the stay.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents.
NOTES
[*] In Harvard, we held that

an appellant seeking post-conviction relief is entitled to a new sentencing proceeding when it is apparent from the record that the sentencing judge believed that consideration was limited to the mitigating circumstances set out in the capital sentencing statute in determining whether to impose a sentence of death or life imprisonment without parole for twenty-five years.
At 539.