545 So.2d 843 (1989)
Joseph Robert SPAZIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 72464.
Supreme Court of Florida.
June 15, 1989.
Rehearing Denied July 25, 1989.
*844 Edward S. Stafman, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Joseph Robert Spaziano appeals the trial court's denial of his second motion for relief pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and, for the reasons stated, we affirm the trial court.
This is the fourth time that this cause has been before this Court. In 1976, Joseph Robert Spaziano was convicted of first-degree murder for the killing of Laura Harberts. The jury recommended a life sentence; however, the trial judge declined to follow the jury's recommendation and imposed the death sentence. A detailed rendition of the facts is set forth in Spaziano v. State, 393 So.2d 1119 (Fla.), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981), in which we affirmed Spaziano's conviction but remanded the cause for resentencing after finding error in the sentencing process. On resentencing, the trial judge again sentenced Spaziano to death. We affirmed the death sentence in Spaziano v. State, 433 So.2d 508 (Fla. 1983), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), noting that the trial judge properly considered evidence in aggravation that was not presented to the jury. After the governor signed a death warrant, Spaziano sought postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied this motion, and we affirmed the trial court in Spaziano v. State, 489 So.2d 720 (Fla.), cert. denied, 479 U.S. 995, 107 S.Ct. 598, 93 L.Ed.2d 598 (1986). Spaziano then sought postconviction relief through this second rule 3.850 motion, which the trial court summarily denied, stating, in pertinent part:
Defendant's initial motion alleged ineffective assistance of counsel during trial and the original penalty phase. Defendant's present motion alleges ineffective assistance of counsel at resentencing. Unless petitioner shows justification for failure to raise the present issue in the first petition, the second successive petition pursuant to Florida Rule of Criminal Procedure 3.850 may be dismissed as an abuse of procedure. Witt v. State, 465 So.2d 510 (Fla. 1985). In addition, where the initial motion for post-conviction relief raises the claim of ineffective assistance of counsel, the trial court may summarily deny successive motions raising additional grounds for that ineffectiveness. Christopher v. State, 489 So.2d 22 (Fla. 1986). Since the present motion does not allege that Defendant was precluded from asserting the issue of ineffectiveness of counsel at the resentencing in the initial motion, the allegation should have been raised in the initial motion. Tafero v. State, 524 So.2d 987 (Fla. 1987). Based on the foregoing, that Defendant has shown no issue in the first motion, the second successive motion presently before the Court is inappropriate for consideration and must be summarily denied.
Spaziano appeals the trial court's denial, arguing that he was denied the right to effective assistance of counsel because his lawyer, at both the resentencing hearing and the initial rule 3.850 motion, failed to introduce mitigating evidence, most of *845 which concerned Spaziano's mental condition. We affirm the trial court.
Spaziano's motion is procedurally barred for the reasons set forth in the trial court's order. Alternatively, and in any event, the evidence which Spaziano contends was not introduced is merely cumulative. At the original trial, the jury recommended that Spaziano be given a life sentence based in all probability on evidence of Spaziano's mental condition. On resentencing, the trial judge, after properly considering additional evidence which was not presented to the jury, overrode the jury's recommendation and imposed a death sentence. The additional evidence included a prior violent felony conviction and a pre-trial sentencing report, which revealed the automobile accident which Spaziano was involved in and the accident's effect on his mental condition. That aspect of Spaziano's condition has been before this Court previously, as is clearly articulated in Justice McDonald's dissent, in which he stated: "After all, Spaziano was known as `Crazy Joe.' When he was 20 years old he was involved in a serious accident. Ever since then he has not been `normal.' The jury could well find that he was entitled to the statutory mental mitigating factors." 433 So.2d at 512 (McDonald, J., dissenting). Additionally, this evidence was before this Court in Spaziano's initial rule 3.850 motion. 489 So.2d at 721. We hold that, under the principles set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Spaziano's counsel did not provide ineffective assistance of counsel either at resentencing or at the initial rule 3.850 motion.
Accordingly, we affirm the trial court's denial of Joseph Robert Spaziano's rule 3.850 motion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and GRIMES, JJ., concur.
McDONALD, J., concurs with an opinion.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
McDONALD, Justice, concurring.
I concur in this opinion because I find no merit to the latest application for postconviction relief. I strongly adhere to my previously stated view that this was not a proper case for the trial judge to impose death in the face of the jury's recommendation of life imprisonment.
KOGAN, Justice, dissenting.
I agree with Justice McDonald's conclusion that this is not a proper case for the trial judge to impose death in the face of the jury's recommendation of life. However, I must disagree that this Court is powerless to correct past mistakes, particularly in light of the evolving standards for reviewing an override of a life recommendation. Accordingly, I dissent from the majority opinion's failure to address this issue.
Once we acknowledge that cases involving the imposition of the death penalty are different from other criminal proceedings, Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972); State v. Dixon, 283 So.2d 1, 7 (Fla.), cert. denied, 416 U.S. 943, 94 S.Ct. 1950, 40 L.Ed.2d 295 (1974), we must assume the responsibility to impose our harshest, most final penalty only in those cases in which the penalty is appropriate. Because I believe that the death penalty is totally inappropriate in this case, I dissent from the majority opinion.
While it is true that the details of the crime for which Spaziano was convicted support a conclusion that the murder was a truly heinous killing, the evidence in mitigation equally supports the jury's recommendation of life. In rejecting Spaziano's argument in this regard, this Court held that "the facts suggesting that the death sentence be imposed over the jury's recommendation of life ... meets the clear and convincing test to allow the override of the jury's recommendation in accordance with the previous decisions of this Court. Tedder v. State, 322 So.2d 908 (Fla. 1975)." *846 Spaziano v. State, 433 So.2d 508, 511 (Fla. 1983), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). The standard to which the majority cites has not remained static in the last fourteen years. To the contrary, the Tedder standard has evolved, and been refined to a far more detailed and viable rule. Our cases now require that a jury recommendation of life be upheld if there is any reasonable basis on the record for that recommendation. Spivey v. State, 529 So.2d 1088, 1095 (Fla. 1988); Ferry v. State, 507 So.2d 1373, 1376 (Fla. 1987); Fead v. State, 512 So.2d 176, 178 (Fla. 1987). At Spaziano's sentencing proceeding, ample evidence was introduced supporting the mitigating factor that Spaziano suffered from extreme emotional distress. Spaziano, 433 So.2d at 512 (McDonald, J., dissenting). In my view, this evidence provides the necessary reasonable basis for upholding the jury's recommendation of life.
While the majority, on direct appeal, rejected this contention, I believe it did so wrongly. This Court has an obligation to rectify that error now. To fail in this regard would render our capital punishment system utterly arbitrary. The majority relies on the formalities of procedure to justify the imposition of the death penalty in this case, despite the inappropriateness of such imposition.
Since the time Spaziano was sentenced to death, and this Court affirmed that sentence, our cases have more fully refined the standards under which the death penalty may be imposed over a recommendation of life. These cases clearly enunciate that in the presence of any reasonable basis for such a recommendation, that recommendation must be upheld. While aggravation and mitigation are not irrelevant, there is no weighing process involved here. Even when the judge determines that the aggravating circumstances outweigh the mitigating circumstances, we are obligated to view a jury recommendation of life with the highest regard. Under our present law, a life recommendation can only be overridden in cases where there is absolutely no basis for the recommendation, when the recommendation appears based on emotion, caprice, or some other irrelevant factor. Otherwise, the life recommendation must be upheld.
If we are to administer a death penalty that is not arbitrary, then we must do so in a consistent fashion. The standards by which the majority justified the jury override are no longer acceptable. We are empowered to correct a sentence according to our evolving standards, as we did in Proffitt v. State, 510 So.2d 896 (Fla. 1987). To allow the execution of Spaziano to proceed would defy our own cases, as well as common sense and logic. For these reasons, I would vacate Spaziano's sentence and order the trial court to sentence him to life in prison without possibility of parole for twenty-five years.
BARKETT, J., concurs.