557 So.2d 1372 (1990)
Joseph Robert SPAZIANO, Petitioner,
v.
Richard L. DUGGER, Respondent.
Joseph Robert SPAZIANO, Appellant,
v.
STATE of Florida, Appellee.
Nos. 74675, 74686.
Supreme Court of Florida.
March 15, 1990.
*1373 Edward S. Stafman, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Margene A. Roper and Kellie A. Nielan, Asst. Attys. Gen., Daytona Beach, for respondent/appellee.
PER CURIAM.
Joseph Robert Spaziano petitions this Court for a writ of habeas corpus, appeals the trial court's denial of his third motion for relief pursuant to Florida Rule of Criminal Procedure 3.850, and requests a stay of execution. We have jurisdiction, article V, section 3(b)(1), Florida Constitution, and deny all relief.
This is the fifth time that Spaziano has been before this Court. Spaziano v. State, 393 So.2d 1119 (Fla.) (Spaziano I), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981) (affirmed conviction but remanded for resentencing); Spaziano v. State, 433 So.2d 508 (Fla. 1983) (Spaziano II), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) (affirmed death sentence); Spaziano v. State, 489 So.2d 720 (Fla.) (Spaziano III), cert. denied, 479 U.S. 995, 107 S.Ct. 598, 93 L.Ed.2d 598 (1986) (denied relief in first rule 3.850 motion); Spaziano v. State, 545 So.2d 843 (Fla. 1989) (Spaziano IV) (denied relief in second rule 3.850 motion).
In these prior decisions, we have addressed the subject matter of each of the claims Spaziano presents in the instant proceedings. We find that Spaziano's contention of ineffective assistance of counsel is procedurally barred. Spaziano IV. While we considered the nonstatutory mitigating evidence as Lockett[*] claims in Spaziano II, III, and IV, we address, in the instant proceedings, the argument that the trial judge, at resentencing, was unaware that he could consider nonstatutory mitigating circumstances as later made clear by Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). However, we reject that argument because, prior to sentencing, the judge had announced that, under Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), he felt that he must allow the introduction of nonstatutory mitigating evidence. It would be incredible to conclude that the judge would feel that nonstatutory mitigating evidence could be introduced but that he could not consider it.
In any event, even if it could be said that the judge was under a misapprehension, it is evident that any error would be harmless. The presentence investigation report specifically considered by the judge at sentencing contained substantial evidence concerning Spaziano's mental condition. The judge declined to view such evidence as constituting a statutory mitigating circumstance, and this Court affirmed in Spaziano II. In that case, we expressly rejected Spaziano's Lockett argument. The United States Supreme Court affirmed Spaziano II by a written opinion in Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).
Further, as we held in Spaziano IV, the nonstatutory evidence that Spaziano contends was not introduced in his sentencing proceeding was cumulative. We have no doubt that the judge's decision would have been the same regardless of whether or not he knew that such evidence could be considered *1374 as nonstatutory mitigating evidence.
Accordingly, we affirm the trial court's denial of Spaziano's rule 3.850 motion and deny Spaziano's petition for a writ of habeas corpus. The stay previously entered is vacated. We will entertain no petition for rehearing.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, dissenting.
No court has ever considered the Hitchcock error in this case and its effect on the death sentence imposed herein. For this reason, and for the reasons expressed by Justice McDonald in his dissent to the direct appeal and in my prior dissenting opinion in this case, I dissent.
BARKETT, J., concurs.
NOTES
[*] Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).