570 So.2d 289 (1990)
Joseph Robert SPAZIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 75874.
Supreme Court of Florida.
November 8, 1990.
Rehearing Denied December 19, 1990.
*290 Edward S. Stafman, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Kellie A. Nielan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Joseph Robert Spaziano appeals the trial court's denial of his fourth motion for relief under Florida Rule of Criminal Procedure 3.850. We previously entered a stay of execution in order to fully consider this cause on our regular calendar. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We deny all relief and vacate the stay previously entered.
This is the sixth time that Spaziano has been before this Court. Spaziano v. Dugger, 557 So.2d 1372 (Fla. 1990) (denied habeas corpus relief and relief in third rule 3.850 motion); Spaziano v. State, 545 So.2d 843 (Fla. 1989) (denied relief in second rule 3.850 motion); Spaziano v. State, 489 So.2d 720 (Fla.), cert. denied, 479 U.S. 995, 107 S.Ct. 598, 93 L.Ed.2d 598 (1986) (denied relief in first rule 3.850 motion); Spaziano v. State, 433 So.2d 508 (Fla. 1983), aff'd, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984) (affirmed death sentence); Spaziano v. State, 393 So.2d 1119 (Fla.), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981) (affirmed conviction but remanded for resentencing).
Spaziano argues that, under the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), the state has an obligation to disclose exculpatory evidence, including evidence which negates a defendant's guilt, and that the state violated those principles in four instances, specifically: (1) the state failed to disclose information that Joe Suarez, not Joe Spaziano, telephoned the victim the night before the murder; (2) the state failed to disclose that Joe Suarez and the victim were together on the night of her disappearance; (3) the state failed to disclose information about the suspect Lynwood Tate; and (4) the state failed to disclose the details of an investigator's interview with Tony Dilisio which occurred prior to an interview that was disclosed. In denying this fourth motion under rule 3.850, the trial judge stated in his order:
The instant motion is time-barred by the two-year provision of Florida Rule of Criminal Procedure 3.850. Spaziano has shown no justification for failure to raise the instant claim in his previous motion, and the successive motion presently before the court is inappropriate for consideration and must be summarily denied. Hall v. State, 541 So.2d 1125, 1126 n. 1 (Fla. 1989); Clark v. State, 533 So.2d 1144 (Fla. 1988).
First, we agree with the state's contention that Spaziano's motion contains no allegation that the facts upon which the claims are based could not have been ascertained by the exercise of due diligence, and we agree with the trial court that these claims are procedurally barred since they were raised in a fourth postconviction motion, which was filed beyond the two-year limitation of Florida Rule of Criminal Procedure 3.850. Agan v. State, 560 So.2d 222 (Fla. 1990); Hall v. State, 541 So.2d 1125 (Fla. 1989); Clark v. State, 533 So.2d 1144 (Fla. 1988); Demps v. State, 515 So.2d 196 (Fla. 1987).
*291 Second, there is no basis for this claim on the merits. A review of this entire record, particularly the information that was available to defense counsel through Florida's broad discovery process, see Florida Rule of Criminal Procedure 3.220, establishes that defense counsel knew about Joe Suarez, knew that he had dated the victim, knew that he had previously faced criminal charges for exposing himself to several women, and knew that he could have been the "Joe" who telephoned the victim the night before the murder. The investigator's notes concerning an interview with Suarez, which Spaziano asserts to be important information, are really no more than inferences that the investigator drew from his investigation. The notes are not evidence that would have been admissible.
With regard to the claim that the police failed to disclose information concerning their investigation of Lynwood Tate, we emphasize that the prosecution is not required to "make a complete and detailed accounting to the defense of all police investigatory work on a case." Moore v. Illinois, 408 U.S. 786, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706, 713 (1972). The fact that Tate was a suspect early in the investigation, though this theory was later abandoned, is not information that must be disclosed under Brady. Finally, with regard to the investigator's earlier interview with Tony Dilisio in October, 1974, we can find no material inconsistencies when we compare the notes of that interview to the subsequent interview that defense counsel discovered through the normal discovery process, and to Dilisio's testimony. We find that the investigator's notes of the interview conducted in October of 1974 would have had no impact on the outcome of this trial and that there was no Brady violation.
As the procedural history of this case indicates, Spaziano's conviction and sentence have been reviewed numerous times by this Court, and the United States Supreme Court has on one occasion reviewed Spaziano's claims on the merits, particularly the appropriateness of his death sentence, and has affirmed the imposition of that sentence. See Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). We find no merit to Spaziano's present motion.
For the reasons expressed, we affirm the trial court's denial of Spaziano's fourth rule 3.850 motion, and we vacate the stay which we previously entered.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and GRIMES, JJ., concur.
KOGAN, J., concurs specially with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, concurring specially.
While I concur with the majority that Spaziano's current 3.850 motion does not entitle him to relief, I maintain, as I have stated in my prior dissenting opinions in this case, that this was not a proper case for the trial judge to impose death in the face of the jury's recommendation of life.
BARKETT, J., concurs.