PER CURIAM.
Joseph Robert Spaziano petitions for ha-beas corpus relief, asserting that the United States Supreme Court’s recent decision in Parker v. Dugger, — U.S. -, 111 S.Ct. 731, 112 L.Ed.2d 812 (1991), requires this Court to grant Spaziano a meaningful review of his death sentence, which was imposed by the trial court after a jury recommendation for a life sentence. This is the seventh occasion this cause has been before this Court. Spaziano v. State, 393 So.2d 1119 (Fla.), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981) [Spaziano I]; Spaziano v. State, 433 So.2d 508 (Fla.1983) [Spaziano II]; Spaziano v. State, 489 So.2d 720 (Fla.), cert. denied, 479 U.S. 995, 107 S.Ct. 598, 93 L.Ed.2d 598 (1986) [Spaziano III]; Spaziano v. State, 545 So.2d 843 (Fla.1989) [Spaziano IV]; Spaziano v. Dugger, 557 So.2d 1372 (Fla.1990) [Spaziano V]; Spaziano v. State, 570 So.2d 289 (Fla.1990) [Spaziano VI].[1]
Spaziano asserts that Parker requires us to reconsider his death sentence “in light of the entire record of his trial and sentencing hearing and the trial judge’s findings.” Parker, 111 S.Ct. at 740. He further asserts that if we do so, the law set out in Tedder v. State, 322 So.2d 908 (Fla.1975), and its progeny will require us to reverse the trial court’s imposition of the death sentence and reduce the sentence to life imprisonment.
We deny Spaziano’s petition. The United States Supreme Court, in Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984), expressly affirmed this *2 Court’s approval of the jury override. Nothing in Parker suggests that the United States Supreme Court either expressly or impliedly overruled its Spaziano decision and, in fact, the majority quoted part of its Spaziano decision in arriving at the Parker result. We find that Parker does not require this Court to grant Spaziano a new appellate review of his death sentence.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, GRIMES and HARDING, JJ., concur.
BARKETT and KOGAN, JJ., dissent.

. We have jurisdiction pursuant to article V, section 3(b)(1), (9), Florida Constitution.