BARKDULL, Judge.
This is an appeal from a summary denial of a Rule 3.850 motion. In his motion to vacate the appellant alleged: his sentence was rendered illegal by the opinion in Smith v. State, 537 So.2d 982 (Fla.1988) as he was not permitted to elect between guidelines or preguideline sentencing, and ineffective assistance of trial counsel in that counsel failed to effectively inform him of the difference between guideline and preguideline sentences.
This is the appellant’s fourth Rule 3.850 motion. He pleaded guilty to two counts of second degree murder; attempted first degree murder; and robbery and trafficking in cocaine in return for a life sentence with a 15 year minimum mandatory. All other sentences were to run concurrently. He was so sentenced on September 23, 1984.
It appears that the instant motion to vacate was not timely filed and is time barred. The judgment and sentence was entered September 23, 1984, and the instant motion was filed on December 21, 1992, more than eight years after the judgment and sentence became final and more than two years after the decision in Smith *326 v. State, supra, which was filed January 5, 1989. See Spaziano v. State, 570 So.2d 289 (Fla.1990); Cook v. State, 596 So.2d 483 (Fla. 1st DCA 1992); Fla.R.Crim.P., 3.850.
Furthermore, the allegations are without merit as they are refuted by the record of the plea colloquy which show the appellant elected to be sentenced preguideline. He had discussed the matter with trial counsel and was asked if he understood the difference between the two. He acknowledged that he knew the difference and their impact on his sentences. Therefore, the order under review is affirmed.
Affirmed.