**Howard Virgil Lee DOUGLAS,
Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Florida Department of Offender Rehabilitation, and David H. Brierton, Superintendent of Florida State Prison at Starke, Florida, Respondents-Appellees.**

No. 81–5927.

United States Court of Appeals,
Eleventh Circuit.

Aug. 1, 1984.

Elliott C. Metcalfe, Jr., Public Defender, Larry Helm Spalding, Sarasota, Fla., Steven M. Goldstein, Tallahassee, Fla., for petitioner-appellant.

Alan Ellis, Philadelphia, Pa., for amicus curiae Nat. Ass'n of Criminal Defense Lawyers.

Louis Carres, Public Defender, West Palm Beach, Fla., for amicus curiae Florida Public Defenders Ass'n.

Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, Fla., for respondents-appellees.

Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The Supreme Court, —— U.S. ——, 104 S.Ct. 3575, 82 L.Ed.2d 874, granted the petition for writ of certiorari in this case, vacating our judgment in *Douglas v. Wainwright*, 714 F.2d 1532 (11th Cir.1983), and remanded for further consideration in light of *Waller v. Georgia*, —— U.S. ——, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984) and *Strickland v. Washington*, —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because we find that *Waller* and *Strickland* do not significantly change the basis of our holding in *Douglas*, we continue to abide by our prior decision.

## I. THE PUBLIC TRIAL ISSUE

In *Douglas*, as did the Supreme Court in *Waller*, we looked to the Court's prior holdings on the first amendment right to attend criminal trials for guidance in deciding the scope of a defendant's sixth amendment right to a public trial. We identified several purposes of the public trial guarantee: allowing the public to see that a defendant is fairly dealt with, encouraging trial participants to perform their duties more conscientiously, discouraging perjury, and bringing forth witnesses who might not otherwise testify. 714 F.2d at 1541–42. The Court's opinion in *Waller* focused on basically the same aims of the guarantee as those identified in *Douglas*. —— U.S. at ——, 104 S.Ct. at 2213–17.

Likewise, we find *Waller* and *Douglas* in agreement as to the stringent test that must be met for a complete closure to be justified. In *Douglas*, the panel relied on *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), in concluding that complete closure is "proscribed absent a most compelling justification," 714 F.2d at 1540, and that a court must hold a hearing and articulate specific findings before ordering either a total or partial closure, *id.* at 1545. The *Waller* Court articulated a very similar test:

The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.

—— U.S. at ——, 104 S.Ct. at 2215 (quoting *Press-Enterprise Co. v. Superior Court*, —— U.S. ——, ——–——, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984)). The Court further noted that the test articulated in *Waller* was in accord with its holding in *Globe Newspaper Co.*, the case relied upon by the panel in *Douglas*.

The different results in *Douglas* and *Waller* are thus not attributable to the application of differing legal standards, but to the application of the same legal standards to dissimilar facts. The most important distinguishing factor is that *Waller* involved a total closure, with only the parties, lawyers, witnesses, and court personnel present, the press and public specifically having been excluded, while *Douglas* entailed only a partial closure, as the press and family members of the defendant, witness, and decedent were all allowed to remain. Moreover, the closure in *Waller* was for the entire seven days of the suppression hearing although the playing of the disputed tapes lasted only two-and-one-half hours, whereas in *Douglas* the partial closure was limited to the one witness' testimony. *Douglas*, therefore, presented this court with a fact situation different and unique from that faced by the *Waller* Court.

Because only a partial closure was involved in *Douglas*, we relied upon the binding precedent of *Aaron v. Capps*, 507 F.2d 685 (5th Cir.1975),[1] which had held that where a partial closure is involved, a court must look to the particular circumstances to see if the defendant still received the safeguards of the public trial guarantee.

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Id.* at 688. In *Aaron,* the court held that no constitutional violation had occurred because, *inter alia,* members of the press and the defendant's relatives and clergymen were present at the trial. As in *Aaron,* the *Douglas* panel found that the impact of the closure was "not a kind presented when a proceeding is totally closed to the public," 714 F.2d at 1544, and therefore only a "substantial" rather than "compelling" reason for the closure was necessary. *Id.* The panel further found that a substantial reason—protection of the witness from unnecessary insult to her dignity—existed that justified the partial closure. *Id.* at 1544–45.

■ *Douglas* thus involved an application of the general sixth amendment public trial guarantee to the specific situation of a partial closure, a situation not addressed in *Waller.* We do not read *Waller* as disapproving of *Aaron's* adaptation of the general standards governing closures, standards on which *Douglas* and *Waller* are in accord,[2] to a case where only a partial closure is involved and at least some access by the public is retained. Consequently, we reaffirm the denial of habeas relief on the public trial issue.

## II. THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

The Court also remanded for further consideration in light of its holding in *Strickland v. Washington,* —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the panel opinion we held that counsel's performance at the penalty phase constituted ineffective assistance warranting habeas relief.

In *Washington,* the Court identified two components of a general ineffective assistance of counsel claim: the defendant must demonstrate (1) that counsel's performance "fell below an objective standard of reasonableness," *id.* at ——, 104 S.Ct. at 2065,

and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ——, 104 S.Ct. at 2068. Moreover, the defendant must satisfy both the performance and prejudice prongs to be entitled to relief. *Id.* at ——, 104 S.Ct. at 2069.

In the panel opinion, we found that defense counsel's performance had fallen below a standard of reasonableness; indeed, we observed that "counsel's ineffectiveness cries out from a reading of the transcript." 714 F.2d at 1557. The first prong of the *Washington* test was thus satisfied in *Douglas.*

■ As to the prejudice prong, we noted in our opinion that *Washington* was before the Supreme Court and that the circuits were in conflict as to what standard of prejudice was to be used. We further explained, however, that we did not need to withhold our decision until the Supreme Court decided *Washington,* because "under virtually any standard, prejudice is evident on the face of the record." *Id.* Later in the opinion, we expressly stated that counsel's ineffectiveness created a "great 'likelihood that counsel's inadequacy affected the outcome of the trial,'" *id.* at 1558, thus satisfying a standard even more strict than *Washington's* "reasonable probability" standard, *see* —— U.S. at ——, 104 S.Ct. at 2067. We therefore reaffirm our original holding that the district court erred in denying habeas corpus relief on the ineffective assistance of counsel claim.

For the foregoing reasons the panel opinion is reinstated.

RONEY, Circuit Judge, dissenting:

I dissent for the reasons set forth in my dissent to the original panel opinion. *Douglas v. Wainwright,* 714 F.2d 1532 (11th Cir.1983).

---

**2.** As did the *Waller* Court, the *Douglas* panel found that "an opportunity to be heard and adequate findings are required where any closure of the trial is contemplated and the defendant objects and requests an opportunity to be heard." 714 F.2d at 1546. *See also Waller,* ——

U.S. at ——, 104 S.Ct. at 2213. The defendant in *Douglas,* however, had failed to specifically object to the absence of a hearing or findings, resulting in procedural default. 714 F.2d at 1546; *see also Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).