This case is before the Court on appeal from a judgment of conviction of first-degree murder for which a sentence of death was imposed. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm the conviction and sentence.
In the evening of August 31, 1982, witnesses heard several rounds of gunfire in the vicinity of the Parole and Probation building in Miami. An investigation revealed the body of Bjorn Thomas Svenson, a parole supervisor, in the parole building parking lot. Svenson was the victim of multiple gunshot wounds. There apparently were no eyewitnesses to the homicide. *Page 196 
As parole supervisor, the victim had responsibility over several probation officers in charge of appellant's parole. The record indicates that for approximately two years prior to the murder, the victim and appellant had repeated encounters regarding appellant's unauthorized contact with a probation officer. On each occasion, the victim advised appellant to stay away from his employees and the parole building unless making an authorized visit. After one incident, based on testimony of the victim and two of his probation officers, appellant's parole was revoked and he was returned to prison for approximately twenty months.
On August 24, 1982, several rounds of gunfire were shot through the front window of a home occupied by the two probation officers who had testified against appellant. Neither was injured in the incident, for which appellant was subsequently charged.
Following the victim's murder, appellant was incarcerated for parole violations. Testimony of several inmates indicated that appellant told them he had killed a parole officer. Appellant was thereafter indicted for first-degree murder.
Appellant's first point on appeal claims error in allowing the state to elicit testimony concerning a collateral crime, i.e., the August 24th shooting incident at the home of the probation officers. The trial court denied appellant's motion in limine as it related to that shooting. However, appellant failed to object when the collateral crimes testimony was admitted and thus did not preserve the issue for appellate review. German v. State,379 So.2d 1013 (Fla. 4th DCA), cert. denied, 388 So.2d 1113 (1980). Even assuming proper objection had been made, evidence of the prior shooting was relevant to prove motivation and intent. §90.404(2)(a), Fla. Stat. (1983). See also Herzog v. State, 439 So.2d 1372
(Fla. 1983).
Appellant next claims that certain testimony of a prosecution witness, a fellow inmate, deprived him of a fair trial by provoking the jurors' hostility toward appellant. This testimony included certain racial slurs, attributed to appellant, regarding the victim as well as reference to the victim's grieving relatives. Appellant failed to object to this testimony at trial, however, and therefore may not raise the issue on appeal. Herzogv. State. Even if preserved for review, this testimony was relevant to discredit appellant's alibi and to explain the context of an incriminating admission; consequently, its admission at trial was not error.
Appellant next contends that the trial court erred in refusing to charge the jury with his requested instruction on alibi. Appellant requested Florida Standard Jury Instruction (Criminal) 2.10(a) (1981), purportedly to avoid confusing the jury as to the standard of proof necessary to establish an alibi. The court refused, instructing the jury instead with the appropriate instruction from the current Florida Standard Jury Instructions. We uphold the trial court's action, for appellant has not shown a palpable abuse of that court's discretion in refusing to give the old jury instruction. See Williams v. State, 437 So.2d 133
(Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984).
The trial court found four statutory aggravating circumstances applicable in sentencing appellant to death: the murder was committed while appellant was under a sentence of imprisonment, appellant was previously convicted of another felony involving the use of violence, the murder was especially heinous, atrocious or cruel, and was committed in a cold, calculated and premeditated manner. Appellant challenges the court's finding of the latter two circumstances. We find that contention without merit.
The record in this case amply supports the finding that the victim's murder was especially heinous, atrocious or cruel. The victim was stalked by appellant, shot twice in the chest and fled a short distance before being killed by repeated shots in the head and back. The mindset or mental anguish of the victim is an important factor in determining whether this aggravating *Page 197 
circumstance applies. Jennings v. State 453 So.2d 1109 (Fla. 1984), vacated on other grounds, ___ U.S. ___, 105 S.Ct. 1351, 84 L.Ed.2d 374 (1985). Based upon the evidence presented, the trial court correctly surmised that between the two vollies of gunfire the victim must have agonized over his ultimate fate and properly considered this circumstance in the sentencing process.See Francois v. State, 407 So.2d 885 (Fla. 1981), cert.denied, 458 U.S. 1122, 102 S.Ct. 3511, 73 L.Ed.2d 1384 (1982). Appellant correctly contends that lack of remorse is not a relevant consideration in the finding of an aggravating circumstance. Pope v. State, 441 So.2d 1073 (Fla. 1984). Disregarding any possible language to that effect in the sentencing order, however, the evidence was sufficient to prove this factor beyond a reasonable doubt.
The record likewise amply supports the trial court's finding that this murder was committed in a cold, calculated and premeditated manner. Appellant waited for the victim to leave work, confronted him in the parking lot and shot him twice. The victim managed to flee approximately one hundred feet before he was cut down by gunfire to his head and back. In order for all of the shots to be fired appellant had to reload his revolver, affording him time to contemplate his actions and choose to kill his victim. These facts are sufficient to show the heightened premeditation for imposition of this aggravating factor. Herringv. State, 446 So.2d 1049 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984); Mills v. State, 462 So.2d 1075
(Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 3538, 87 L.Ed.2d 661 (1985); Troedel v. State, 462 So.2d 392 (Fla. 1984).
The judgment of conviction of murder in the first degree and sentence of death are affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.