566 So.2d 6 (1990)
Jerry PRITCHETT, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02727.
District Court of Appeal of Florida, Second District.
July 20, 1990.
Rehearing Denied August 30, 1990.
*7 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Jerry Pritchett, who was convicted of and sentenced for capital sexual battery, has appealed on three grounds, one of which has merit and requires us to reverse and remand for a new trial.
During the trial, the state requested that the courtroom be cleared, while the minor victim testified. Pritchett objected on the ground that clearing the courtroom would deny him the right to a public trial. Over Pritchett's objection, the trial court ordered that the courtroom be cleared of all spectators during the minor victim's testimony.
On appeal, Pritchett argued that the court abridged his Sixth Amendment right to a public trial when it ordered the courtroom to be cleared of all spectators, pursuant to section 918.16, Florida Statutes (1987).[1] He contends that the statute is unconstitutional as written because it does not allow judicial discretion or exceptions for closure. In the alternative, he submits that the statute was unconstitutional as applied in his case. We disagree with Pritchett's assertion that the statute is unconstitutional and uphold the constitutionality of the statute upon the authority of Robertson v. State, 64 Fla. 437, 60 So. 118 (1912); Douglas v. State, 328 So.2d 18 (Fla.) cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976). However, we agree that the application of the statute was unconstitutional, because the trial court failed to make any findings to justify the closure. See Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).
Both the Sixth Amendment to the United States Constitution and article I, section 16 of the Florida Constitution provide the accused with the right to a public trial. While we recognize that the right of access in a criminal trial is not absolute, the circumstances allowing closure are limited. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). In order to justify any type of closure, whether the closure is total or partial, the court must find "that a denial of such right is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." 457 U.S. at 607, 102 S.Ct. at 2620.
The appropriate analysis to follow to determine whether a particular case warrants closure is set forth in Waller. There are four prerequisites that must be satisfied before the presumption of openness may be overcome. First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; second, the closure must be no broader than necessary to protect that interest; third, the trial court must consider reasonable alternatives to closing the proceedings; and fourth, the court must make findings adequate to support the closure. Waller, 467 U.S. at 47, 104 S.Ct. at 2215.
Here, not only did the court fail to satisfy any of the prerequisites enunciated in Waller, but also failed to follow the plain statutory language of the statute. The court ordered the courtroom to be cleared of all spectators, without any exceptions authorized under the statute. We acknowledge that the state has a very important interest in protecting minor victims from further trauma;[2] however, this realization does not allow us to forego procedures that *8 insure that the accused is afforded due process.
Therefore, we reverse the sentence and judgment, and remand for a new trial consistent with this opinion.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] Section 918.16, Florida Statutes (1987), provides:

In the trial of any case, civil or criminal, when any person under the age of 16 is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, and court reporters. (Emphasis added.)
[2] It should be noted that the record reveals that the minor victim had given her testimony several times to different people, whom she did not know, without any additional trauma or embarrassment.