575 So.2d 165 (1991)
Howard Virgil Lee DOUGLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 67603.
Supreme Court of Florida.
January 15, 1991.
Rehearing Denied March 13, 1991.
James Marion Moorman, Public Defender and Douglas S. Connor, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
Howard Lee Douglas was convicted of first-degree murder in 1973 and sentenced to death over a unanimous jury recommendation of life imprisonment. We affirmed the conviction and sentence. Douglas v. State, 328 So.2d 18 (Fla.), cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976). We affirmed the denial of Douglas' requested postconviction relief in Douglas v. State, 373 So.2d 895 (Fla. 1979). The United States District Court for the Middle District of Florida denied Douglas' subsequent petition for writ of habeas corpus. On appeal, however, the United States Court of Appeals for the Eleventh Circuit found that Douglas' trial counsel was ineffective during the penalty phase. Defense counsel made statements to the trial judge emphasizing that there was no mitigating evidence and that Douglas "[had not] been a good boy." The court remanded to the federal district court, mandating that the writ be issued "unless the state resentences appellant in appropriate proceedings within a reasonable time." Douglas v. Wainwright, 714 F.2d 1532, 1558 (11th Cir.1983), vacated, 468 U.S. 1206, 104 S.Ct. 3575, 82 L.Ed.2d 874, reinstated, 739 F.2d 531 *166 (11th Cir.1984), cert. denied, 469 U.S. 1208, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985). A resentencing hearing was held wherein the defense was allowed to introduce mitigating evidence. We have jurisdiction to review the sentence of death imposed upon resentencing. Art. V, § 3(b)(1), Fla. Const.
The trial court found two aggravating circumstances: (1) the murder was especially heinous, atrocious, or cruel, section 921.141(5)(h), Florida Statutes (1985); and (2) the murder was committed in a cold, calculated, and premeditated manner without any moral or legal justification, section 921.141(5)(i), Florida Statutes (1985). We find that the evidence supports only the first of these factors.
The case involves an emotional triangle between Douglas, the victim, and the victim's wife. Helen Atkins and Douglas were involved in a domestic relationship for approximately one year prior to Helen's marriage to Jay Atkins in August 1972. The Atkinses lived together three months after their marriage, and, thereafter, cohabitated only sporadically. In May of 1973, Helen was homeless, living in a car, and eight months pregnant with Jay's child. She approached Douglas for assistance which he provided. The baby was born June 25, 1973. Ten days later, on July 5, Jay and Helen Atkins began living together once again. Eleven days later, Douglas pulled alongside of the Atkinses' car and motioned for them to pull over. Helen testified that Jay expressed his feeling that something bad was about to happen and asked that she promise to stay alive. Douglas got into the Atkinses' car, rifle in hand, stating that he would direct them to his other car where they would pick up some clothes belonging to Helen's children. Helen testified that Douglas then "said he felt like blowing our ... brains out." Douglas subsequently forced the Atkinses to perform various sexual acts at gun point. During their attempt to comply, Douglas fired the rifle into the air. After forcing the Atkinses to engage in sexual intercourse, Douglas stated to Jay, "did you enjoy it you son-of-a-bitch?" He then hit Jay so forcefully in the head with the rifle that the stock shattered. Then he told Helen to get back, and shot Jay in the head, killing him.
Douglas argues that murder is not heinous, atrocious, or cruel where death is instantaneous. There are, however, other circumstances to consider in determining the appropriateness of this aggravating factor. We have found that this factor is applicable "where the actual commission of the capital felony was accompanied by such additional acts as to set the crime apart from the norm of capital felonies  the conscienceless or pitiless crime which is unnecessarily torturous to the victim," Herzog v. State, 439 So.2d 1372, 1380 (Fla. 1983) (citation omitted), or where the victim agonizes over his impending death. See Knight v. State, 338 So.2d 201 (Fla. 1976). Under the circumstances of this case, the court did not err in finding that this murder was especially heinous, atrocious, or cruel.
Douglas argues that the aggravating factor of "cold, calculated, and premeditated" cannot be applied retroactively to this crime which occurred prior to the addition of this factor to section 921.141, and further, that it is not supported by the facts of the instant case. We have previously rejected the first of these arguments. See Justus v. State, 438 So.2d 358 (Fla. 1983), cert. denied, 465 U.S. 1052, 104 S.Ct. 1332, 79 L.Ed.2d 726 (1984); Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982). We agree, however, that the trial court erred in finding this factor applicable.
As we stated in Jent v. State, 408 So.2d 1024, 1032 (Fla. 1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982), modified, Preston v. State, 444 So.2d 939 (Fla. 1984), "[t]he level of premeditation needed to convict in the [guilt] phase of a first-degree murder trial does not necessarily rise to the level of premeditation in subsection (5)(i)." Section 921.141(5)(i) limits the use of premeditation to those cases where the state proves beyond a reasonable doubt that the premeditation was "cold, calculated ... and without any pretense of moral or legal justification." *167 Jent; Combs. This aggravating factor normally, although not exclusively, applies to execution-style or contract murders. McCray v. State, 416 So.2d 804 (Fla. 1982). The passion evidenced in this case, the relationship between the parties, and the circumstances leading up to the murder negate the trial court's finding that this murder was committed in a "cold, calculated, and premeditated manner without any pretense of moral or legal justification."[1]
The resentencing court found two nonstatutory mitigating circumstances: (1) In the view of the witnesses who testified, Douglas was not a violent person; and (2) Douglas has had a satisfactory institutional record while on death row. Even though the jury did not have the benefit of this evidence in arriving at its unanimous recommendation of life imprisonment, there was guilt phase evidence which the jury could have reasonably found to be mitigating. The state's primary witness was the wife of the victim. The credibility of her testimony concerning the circumstances surrounding this murder could have reasonably influenced the jury's recommendation. Further, we have held that a prior domestic relationship may be considered a nonstatutory mitigating circumstance. See Herzog.
A trial court may not impose the death penalty over a jury's recommendation of life imprisonment unless the facts suggesting death are so clear and convincing that no reasonable person could differ. Tedder v. State, 322 So.2d 908 (Fla. 1975). Considering the presence of only one aggravating factor, the additional mitigating evidence introduced on resentencing, and the totality of the circumstances of the case, we find that the imposition of the death penalty over the jury's recommendation of life imprisonment does not comply with the standard enunciated in Tedder, and is not proportionately warranted in this case. See Ross v. State, 474 So.2d 1170 (Fla. 1985); Blair v. State, 406 So.2d 1103 (Fla. 1981). Accordingly, we vacate the sentence of death and remand to the trial court with directions to impose a sentence of life imprisonment without eligibility for parole for twenty-five years.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and BARKETT, JJ., concur.
EHRLICH, Senior Justice, dissents with an opinion.
GRIMES and KOGAN, JJ., did not participate in this case.
EHRLICH, Senior Justice, dissenting.
This is the third appearance of this case before this Court. Douglas v. State, 328 So.2d 18 (Fla.), cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976); Douglas v. State, 373 So.2d 895 (Fla. 1979).
The original trial judge found that the crime was heinous, atrocious, or cruel and found no mitigating factors and imposed the sentence of death, overriding a jury recommendation of life imprisonment. In the course of approving the judgment of guilt and sentence on direct appeal, this Court said:
The method by which the victim and his wife were taken to the location by a complicated route where the killing occurred reflects a determination to kill. Even getting the vehicle stuck and having to get help to have it freed did not break that determination. The evidence is clear that the murder was committed in a cold and calculated manner.

Douglas v. State, 328 So.2d at 22 (emphasis added).
Subsequently, the United States Circuit Court of Appeal for the Eleventh Circuit in Douglas v. Wainwright, 714 F.2d 1532, 1558 (11th Cir.1983), vacated, 468 U.S. 1212, *168 104 S.Ct. 3580, 82 L.Ed.2d 879, reinstated, 739 F.2d 531 (11th Cir.1984), cert. denied, 469 U.S. 1208, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985), ruled that defendant's trial counsel was ineffective during the penalty phase. As a result, a resentencing proceeding before a new trial judge, without a jury, was held and Douglas was permitted to introduce mitigating evidence.
Seven family members testified at the sentencing proceeding that prior to his incarceration in 1973, Douglas was known to be nonviolent and nonassaultive. According to his daughter, who had visited and conferred with him while he was incarcerated, there was no indication that he had become a violent or dangerous person and had shown no bitterness. A friend and his mother testified as to his great love for Helen Atkins, the wife of the victim, and for the Atkinses' child, whose father he murdered.
The trial judge in this new proceeding found that the murder was heinous, atrocious, or cruel and the majority agrees that this aggravating circumstance is present just as it did in its earlier opinion. Douglas v. State, 328 So.2d at 22. The majority also correctly finds that application of the cold, calculated, and premeditated factor under section 921.141(5)(i), which was added as an aggravating factor in 1979, is not constitutionally proscribed in this case. However, I cannot agree with its conclusion that this factor is not supported by the record.
The facts bearing on this factor have not changed since this Court initially considered this case. As noted above, at that time, the Court concluded, without any finding from the trial judge, that "[t]he evidence is clear that the murder was committed in a cold and calculated manner." Douglas v. State, 328 So.2d at 22. True, in order for the aggravating circumstance at issue to be applicable, the homicide must also have been committed in a "premeditated manner without any pretense of moral or legal justification." § 921.141(5)(i), Fla. Stat. While this record contains overwhelming evidence of the "heightened" premeditation necessary to support the trial judge's finding of this factor, there is no evidence which would support a finding of a moral or legal justification for this murder.
When defendant first accosted the victim and his wife, the victim apparently, and as it turned out, correctly surmised that defendant had murder on his mind. The victim made his wife promise that whatever happened, that she should try and stay alive. Not only did defendant have a rifle which he brandished, he told Mr. and Mrs. Atkins, in most descriptive language, that I shall not repeat, that he felt like blowing both their brains out. During the course of the trip on a back road, as per defendant's instructions, the car became stuck. They walked to a nearby mining operation for assistance to get the car extricated. While defendant left his rifle in the car, he told the Atkinses that he had a pistol which he threatened to use if they said anything to their would-be helpers. After getting the car unstuck, defendant again directed them to a wooded area. Whereupon, at gun point, he forced the Atkinses to disrobe and perform various sex acts. At one point he discharged the rifle in the air. If it was degrading humiliation of the Atkinses that defendant wanted, he certainly succeeded, but it was obviously murder that was on his mind. He struck the victim in the head with the stock of the rifle with such force that both the stock and the victim's skull shattered. As if not satisfied with his deed of death, he fired multiple shots into the victim's head at close range. The doctor who performed the autopsy said that either the blow to the head or the shots could have caused death.
Based on prior holdings of this Court, the trial court's finding that the murder was committed "in a cold, calculated, and premeditated manner, without any pretense of moral or legal justification" is amply supported by competent substantial evidence.[2] For example, in Phillips v. State, 476 So.2d 194 *169 (Fla. 1985), the defendant waited for the victim to leave work, confronted him in the parking lot, and shot him twice. When the victim fled approximately 100 feet, he was cut down by gunfire to his head and back. In the course of firing these shots, defendant had to reload his revolver which, according to this Court, afforded him "time to contemplate his actions and choose to kill his victim." 476 So.2d at 197. These facts were found sufficient to show the heightened premeditation necessary for the imposition of the cold, calculated, and premeditated aggravating factor. Id.
To the same effect is Swafford v. State, 533 So.2d 270 (Fla. 1988), cert. denied, 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944 (1989), when the Court said concerning the factor under discussion:
The cold, calculated, premeditated murder, committed without pretense of legal or moral justification, can also be indicated by circumstances showing such facts as advance procurement of a weapon, lack of resistance or provocation, and the appearance of a killing carried out as a matter of course.
533 So.2d at 277. Likewise, in Mason v. State, 438 So.2d 374 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984), this Court agreed with the finding of the trial judge that this circumstance was present where:
The record shows that appellant broke into Mrs. Chapman's home, armed himself in her kitchen, and attacked her as she lay sleeping in bed. Nothing indicates that she provoked the attack in any way or that appellant had any reason for committing the murder. There was sufficient evidence for the trial court to find this circumstance [cold, calculated, and premeditated] applicable.
438 So.2d at 379.
From the initial stop to the act of murder, the entire sordid series of events in this case lasted approximately four hours, during which period defendant had ample time to reflect on his acts and could have at any time terminated the encounter short of murder. He did precisely to the victim what he said he felt like doing to both of them when he took over direction of the trip.
There was no evidence that would have supported a finding of a statutory mitigating circumstance and the trial judge properly found none.[3] As to the nonstatutory mitigating circumstances, the trial judge found "that the defendant was not known, prior to the instant case, to be a violent person" and that he "has had an excellent institutional record in the Florida State Prison since his incarceration on this charge in 1973."
The trial judge specifically declined to find as a nonstatutory circumstance "that the defendant was acting under emotional disturbance because of his love, feelings and concern for Mrs. Atkins and his hatred for the victim," finding "that the entire testimony, when viewed in the light most favorable to the defendant, fails to support this nonstatutory, mitigating circumstance."
In reversing imposition of the death penalty, the majority ignores the fact that on two prior occasions when this case was before the Court the Tedder[4] standard was not applied to reach such a result. There is no evidentiary basis for so applying the standard now. I cannot agree with the Court's metamorphosis in the sentencing phase of this case and believe that the majority is simply reweighing the mitigating evidence.
My feelings are best summarized by the words of Circuit Judge Roney in his concurring in part and dissenting in part opinion, when he said "[i]n the ten years since this crime was committed, defendant has yet, as far as the records show, to come up with the suggestion of any hard fact that would tend to mitigate this atrocious crime." Douglas v. Wainwright, 714 F.2d at 1558. Douglas has still not come up *170 with any mitigating fact that would lessen the enormity of his criminal act.
The trial judge, as statutory sentencer, properly weighed the aggravating and the mitigating circumstances. The record supports the override.
NOTES
[1] We recognize that in our decision rendered February 18, 1976, affirming the original sentence of death, we stated that this murder was committed in a "cold and calculated manner." Douglas v. State, 328 So.2d 18, 22 (Fla.), cert. denied, 429 U.S. 871, 97 S.Ct. 185, 50 L.Ed.2d 151 (1976). This language, however, was only in support of our finding that the murder was especially heinous, atrocious, or cruel. "Cold, calculated, and premeditated" was not added to the list of aggravating factors set forth in section 921.141, Florida Statutes, until 1979. Ch. 79-353, § 1, Laws of Fla.
[2] Although not so found by the trial judge, the facts also clearly supported the finding that the murder was committed while the defendant was engaged in kidnapping under section 921.141(5)(d), Florida Statutes (1985).
[3] Of significance to me is the fact that defendant waived consideration of section 921.141(6)(a), Florida Statutes, i.e., that he has no significant history of prior criminal activity.
[4] Tedder v. State, 322 So.2d 908 (Fla. 1975).