585 So.2d 1189 (1991)
Fred THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-02863.
District Court of Appeal of Florida, Second District.
September 20, 1991.
*1190 James Marion Moorman, Public Defender, and Tonja R. Vickers, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Fred Thornton, challenges the judgment and sentence imposed upon him after a jury found him guilty of committing an attempted lewd or lascivious act in the presence of a child. We reverse.
During the trial, the trial court, without any party requesting it, cleared the courtroom of all spectators while the minor victim testified. The appellant objected on the ground that clearing the courtroom would deny him the right to a public trial.
Section 918.16, Florida Statutes (1989), provides that in a trial when any person under the age of sixteen is testifying concerning any sex offense, the court shall clear the courtroom of all persons except several enumerated individuals. This court in Pritchett v. State, 566 So.2d 6 (Fla. 2d DCA), review dismissed, 570 So.2d 1306 (Fla. 1990), held that before a trial court orders closure it must satisfy the four prerequisites enunciated in Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; second, the closure must be no broader than necessary to protect that interest; third, the trial court must consider reasonable alternatives to closing the proceedings, and fourth, the court must make findings adequate to support the closure. Waller.
The trial court in this case failed to apply the Waller prerequisites and apparently did not adhere to section 918.16 when it cleared the courtroom of even those individuals authorized under the statute to be present. This was error and requires reversal for a new trial. Pritchett; see Wheeler v. State, 344 So.2d 244 (Fla. 1977). We reverse the judgment and sentence and remand for a new trial.
Reversed and remanded.
SCHOONOVER, C.J., and LEHAN and PATTERSON, JJ., concur.