742 So.2d 338 (1999)
Floyd CLEMENTS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-963.
District Court of Appeal of Florida, Fifth District.
July 30, 1999.
*339 Joe M. Mitchell, Jr., Melbourne, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
GOSHORN, J.
Floyd Clements appeals the judgment and sentences imposed after the jury found him guilty of seven counts of sexual battery on a child under 12 and three counts of lewd acts upon a child. On appeal, Clements argues that the trial court committed reversible error in a number of instances. While we disagree with his contentions, we find one issue, the trial court's partial closure of the courtroom while the child victim testified, merits discussion.
Pursuant to section 918.16, Florida Statutes (1997)[1] the State asked that the courtroom be cleared before the victim, who was fourteen years old at the time of trial, testified. Defense counsel objected and asked the trial court to hold a hearing to determine the necessity of exclusion and consider alternative methods so as to preserve Clements' constitutional rights.[2] The trial court read section 918.16 as mandatory and overruled the objection. Defense counsel unsuccessfully moved for mistrial. The court ordered that all persons not permitted by section 918.16 leave the courtroom.
On appeal, Clements asserts that Pritchett v. State, 566 So.2d 6 (Fla. 2d *340 DCA), review dismissed, 570 So.2d 1306 (Fla.1990) and Thornton v. State, 585 So.2d 1189 (Fla. 2d DCA 1991) mandate reversal. In Pritchett, the trial court cleared the courtroom of all spectators, without any analysis whether complete closure was warranted. The Second District reversed because of the trial court's failure to make findings to justify the closure:
Both the Sixth Amendment to the United States Constitution and article I, section 16 of the Florida Constitution provide the accused with the right to a public trial. While we recognize that the right of access in a criminal trial is not absolute, the circumstances allowing closure are limited. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). In order to justify any type of closure, whether the closure is total or partial, the court must find "that a denial of such right is necessitated by a compelling governmental interest and is narrowly tailored to serve that interest." 457 U.S. at 607, 102 S.Ct. at 2620.
The appropriate analysis to follow to determine whether a particular case warrants closure is set forth in Waller [v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984)]. There are four prerequisites that must be satisfied before the presumption of openness may be overcome. First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; second, the closure must be no broader than necessary to protect that interest; third, the trial court must consider reasonable alternatives to closing the proceedings; and fourth, the court must make findings adequate to support the closure. Waller, 467 U.S. at 47, 104 S.Ct. at 2215.
Pritchett, 566 So.2d at 7. Thornton was factually almost identical to Pritchett. Again, the trial court closed the courtroom to everyone without making the Waller four-factor inquiry and without regard to the persons allowed to remain in the courtroom pursuant to section 918.16, and again the appellate court reversed.
Thornton and Pritchett are easily distinguishable from the instant case. Unlike Thornton and Pritchett, where the trial judges swept the courtroom, of all spectators without regard to section 918.16's list of persons permitted to remain in attendance, here the trial court followed section 918.16 and simply excluded the idly curious. The exclusion affected very few persons, as shown by defense counsel's statement in the record that "at least four lawyers and private citizens have now left the courtroom." However, the fact that the state court cases are distinguishable does not end the inquiry. Further analysis is appropriate to determine whether a partial closure in the absence of any consideration of alternatives or the necessity of closure under the facts of the case requires reversal.
In Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982), the trial court applied a Massachusetts statute which provided for the exclusion of everyone except those with a direct interest from trials of sex abuse charges where the victim was under the age of 18. A newspaper objected on First Amendment grounds (not Sixth Amendment as is involved here).[3] The Supreme Court held that to justify any type of closure, the trial court must find "that the denial of [the right of access to the court] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." Id. at 607, 102 S.Ct. 2613 (citations omitted).
Two years later, the Supreme Court addressed the courtroom closure issue under the Sixth Amendment. In Waller v. Georgia, *341 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), the defendants were charged with violating racketeering laws and moved to suppress certain wire tap evidence. At the suppression hearing, the court excluded everyone except the parties, lawyers, witnesses, and court personnel. The Supreme Court held that the complete closure of the courtroom over defendants' objections during the seven-day suppression hearing violated the Sixth Amendment.[4] The court wrote:
In sum, we hold that under the Sixth Amendment any closure of a suppression hearing over the objections of the accused must meet the tests set out in Press-Enterprise [Co. v. Superior Court of California, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)] and its predecessors.
* * *
Under Press-Enterprise, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.
Id. at 47-48, 104 S.Ct. 2210.
Waller addressed the total closure of a hearing, not a partial closure such as in the instant case. The Eleventh Circuit has applied a more lenient test to partial closures. In Douglas v. Wainwright, 739 F.2d 531 (11 Cir.1984), cert. denied, 469 U.S. 1208, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985), the court upheld its prior decision (which the Supreme Court had vacated for reconsideration in light of Waller) that the impact of the partial closure (the press, defendant's family members, and the witness were allowed to remain) did not reach the level of a total closure, and thus "only a `substantial' rather than `compelling' reason for the closure was necessary," a reference to the first Waller factor. Id. at 533 (citations omitted). Where there has been only a partial closure, the court "must look to the particular circumstances to see if the defendant still received the safeguards of the public trial guarantee." Id. at 532.
The problem Clements sees in the instant case is that the trial court did not test the closure request in any mannerit simply ordered closure without consideration of whether there was even a substantial reason for the closure (per Douglas), let alone the other Waller factors. We do not view the trial court's decision to follow the statute, without independent inquiry, as error. We hold that the four-factor inquiry of Waller is not imposed on cases where the partial closure order is entered pursuant to section 918.16, Florida Statutes.[5]
The Legislature, by enacting section 918.16, has found that there is a compelling state interest in protecting younger children or any person with mental retardation while testifying concerning a sexual offense. Accordingly, section 918.16 is narrowly drawn to ensure that a defendant's right to an open trial is protected. It requires partial closure only during the limited time in which a child under sixteen years of age or a mentally retarded person is to testify about a sex offense. The spectators who are temporarily excluded from the proceeding are only those with no direct interest in the case. The press, as the eyes and ears of the public, is allowed *342 to remain. As the public's proxy, the presence of the press preserves a defendant's constitutional right to a public trial. Per section 918.16, Florida Statutes, which, we note, Clements has not challenged as unconstitutional, the idly curious were properly ordered from the courtroom.
AFFIRMED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] Section 918.16 provides:

In the trial of any case, civil or criminal, when any person under the age of 16 or any person with mental retardation as defined in s. 393.063(41) is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and at the request of the victim, victim or witness advocates designated by the state attorney's office.
[2] The Sixth Amendment, created for the benefit of defendants, guarantees that defendants enjoy "the right to a speedy and public trial." Waller v. Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). "Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come forward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system." Gannett Co. v. DePasquale, 443 U.S. 368, 383, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979).
[3] The difference is immaterial, however, as the Court later wrote that "there can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public." Waller v. Georgia, 467 U.S. 39, 46, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).
[4] The "sensitive" government material was brought out in only 2½ hours of the seven day trial.
[5] In Globe, the United States Supreme Court listed a number of state statutes which it distinguished from that under consideration in Globe. The Court recognized that section 918.16, Florida Statutes, provides "for mandatory exclusion of general public but not press during testimony of minor victims." 457 U.S. at 609 n. 22, 102 S.Ct. 2613. The Court wrote, "Of course, we intimate no view regarding the constitutionality of these state statutes." Id.