820 So.2d 347 (2002)
Tony HOBBS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2224.
District Court of Appeal of Florida, First District.
March 28, 2002.
Rehearing Denied July 9, 2002.
*348 Nancy A. Daniels, Public Defender, and Jamie N. Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Kenneth D. Pratt, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
POLSTON, J.
Appellant Tony Hobbs was tried by a jury and found guilty of sexual battery on a child under 12 years old. The defendant argues that the trial court erred by (i) limiting the scope of the cross-examination of a witness, and (ii) violating his constitutional right to a public trial by closing the courtroom for the victim's testimony. Because we find no error in the trial court's limitation of cross-examination, and Appellant's argument that the courtroom was improperly closed was not preserved for review, we affirm.

I.
During the trial, the prosecuting attorney requested at a bench conference that "pursuant to statute I ask that the courtroom be cleared of all spectator personnel" during the victim's testimony. (Emphasis added). The trial court asked: "What about the victim advocate?" The prosecution named someone that would remain in the courtroom with the victim, although it is unclear from the record what her relationship with the victim was. The trial court then stated:
Okay. For the purpose of the next witness, I'm going to ask that all of you out in the gallery retire from the courtroom. You're welcome to come back after that witness has testified, but not during this one.
No objection was made by defense counsel.
Defendants in criminal prosecutions are entitled to a public trial. U.S. Const. amend. VI; Art. I, § 16(a), Fla. Const. Various persons in a criminal proceeding have their own interests in whether a trial will be public (e.g., the defendant has a Sixth Amendment interest, the press has a First Amendment interest, and the testifying victim has a privacy interest). Recognizing these various interests, the United States Supreme Court established the test a trial court must use to close a proceeding:
[T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court *349 must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.
Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).
The Florida Legislature balanced the various interests applicable in this case as provided in section 918.16, Florida Statutes (2000):
(2) When the victim of a sex offense is testifying concerning that offense in any civil or criminal trial, the court shall clear the courtroom of all persons upon the request of the victim, regardless of the victim's age[1] or mental capacity, except that parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney may remain in the courtroom.
Compliance with this statute results in a partial closing of the courtroom. The defendant argues that the trial court cleared the courtroom "without making the necessary findings pursuant to [s]ection 918.16."

II.
We agree with the Fifth District Court of Appeal in Clements v. State, 742 So.2d 338, 341 (Fla. 5th DCA 1999), that a separate Waller inquiry is not required when the trial court follows section 918.16 to achieve a partial closing, citing Douglas v. Wainwright, 739 F.2d 531 (11th Cir. 1984). In Douglas, the court distinguished Waller on the basis that it involved a total closing whereas in Douglas there was a partial closing (the press and family members were allowed to remain). 739 F.2d at 532. In a partial closing, only a "substantial" rather than "compelling" reason for the closure is necessary. 739 F.2d at 533. See also Judd v. Haley, 250 F.3d 1308, 1315 (11th Cir.2001)("[I]n the event of a partial closure, a court need merely find a "substantial" reason for the partial closure, and need not satisfy the elements of the more rigorous Waller test.").
The Legislature, by enacting section 918.16, recognizes that there is a substantial, if not compelling, state interest in protecting victims while testifying concerning a sexual offense, and has narrowly drawn it to ensure that a defendant's right to an open trial is protected. See Clements, 742 So.2d at 341-42. Accordingly, the requisite findings for a constitutional partial closing during the testimony of a sex crime victim are fulfilled by compliance with section 918.16. Contra Whitson v. State, 791 So.2d 544, 547-48 (Fla. 2d DCA 2001)(stating that the Waller analysis for a partial closing cannot be performed by reliance on section 918.16).
The State requested closure "pursuant to statute." Although not specifically referenced by the State, the reference to the statute in context of the type of trial being conducted and the upcoming victim's testimony, along with the trial court's responsive question regarding whether the victim advocate would remain, indicate the parties knew that the State was attempting to comply with section 918.16.
In Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), the Court described the deprivation of the right to a public trial as a "structural defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself." However, in this case, the State was seeking to close the trial in a constitutionally *350 valid manner pursuant to the statute. To the extent there was any error during the State's attempt to comply with the statute,[2] it was an error in the trial process itself rather than a structural defect. Accordingly, any error was not preserved for review because Appellant did not object.[3]
AFFIRMED.
KAHN and PADOVANO, JJ., concur.
NOTES
[1] The victim was 23 years old at the time of trial.
[2] For example, the trial court may have excluded some observers who should have been permitted to remain according to the statute. However, Appellant did not object and identify any such persons at trial so any error could be remedied. See Hanks v. State, 786 So.2d 634, 636 (Fla. 1st DCA 2001)("Counsel must give the trial court an opportunity to correct any error before bringing it to the appellate court.").
[3] The Florida Supreme Court in Evans v. State, 26 Fla. L. Weekly S823, S827 (Fla. Dec. 13, 2001) addressed an alleged constitutional violation arising from a partial closing during voir dire, and concluded that there was no reversible error. The Court relied in part on the defendant's failure to object, so it implicitly held that an alleged constitutional error for a partial closing is not fundamental.