FULMER, Judge.
Brian Roberts appeals from his convictions for capital sexual battery and lewd act on a child. Because the trial court improperly ordered the courtroom cleared of spectators when the child victim testified, we reverse.
At trial, before the eleven-year-old victim testified, the prosecutor requested the trial judge to clear the courtroom of all spectators except the guardian ad litem and the victim advocate. The prosecutor alleged that the victim was afraid and was bothered by people staring at her. The defense counsel questioned the truth of the assertion, noting that the victim had been in a witness room, and objected to the removal of members of Roberts’ immediate family. The trial court ruled that during the victim’s testimony, only the victim’s immediate family members, the guardian ad litem, and the child advocate could remain in the courtroom.
On appeal, Roberts argues that the trial court erred in failing to make the findings required under Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), *1176 and in excluding members of his immediate family when ordering the spectators to clear the courtroom. We agree that these errors require reversal. See Whitson v. State, 791 So.2d 544 (Fla. 2d DCA 2001); Thornton v. State, 585 So.2d 1189 (Fla. 2d DCA 1991); Pritchett v. State, 566 So.2d 6 (Fla. 2d DCA 1990).
Section 918.16(1), Florida Statutes (2000), provides that when any person under the age of sixteen is testifying concerning any sex offense, the trial court:
shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney’s office.
As explained in Whitson, Thornton, and Pritchett, in order for the statute to be applied constitutionally, the trial court must make findings to justify the closure based on the factors set forth in Waller. These factors are: the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; the closure must be no broader than necessary to protect that interest; and the trial court must consider reasonable alternatives to closing the proceeding. Waller, 467 U.S. at 48, 104 S.Ct. 2210.
Here, the trial court failed to make the required findings and apparently excluded at least one of Roberts’ immediate family members. Accordingly, we are required to reverse and remand for a new trial. Reversed and remanded.
CASANUEYA and SILBERMAN, JJ., Concur.