[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2005
THOMAS K. KAHN
CLERK

No. 04-12468
Non-Argument Calendar
_____

D. C. Docket No. 00-02609-CV-T-27-TGW

ROGER LAPLANTE,

Petitioner-Appellant,

versus

JAMES CROSBY, Secretary, Department of Corrections,
CHARLES CRIST, Attorney General of the State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 7, 2005)

Before ANDERSON, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Roger Laplante, a Florida state prisoner serving a life sentence for sexual

battery of a six-year-old child, challenges the district court's denial of his pro se 28

U.S.C. § 2254 habeas petition. The district court granted a certificate of

appealability ("COA"), on the following issue: "whether the Florida trial court's closure of the courtroom during the 6-year-old child victim's testimony complied with the four-part test set out in Waller v. Georgia, [467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984)], as applied in Judd v. Haley, 250 F.3d 1308, 1314 (11th Cir. 2001), Fla. Stat. § 918.16 notwithstanding."[1]

We review a district court's grant or denial of a § 2254 habeas petition de novo. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). In Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), the Supreme Court set forth the standard of review to be applied to a state prisoner's application for habeas relief brought pursuant to 28 U.S.C. § 2254. According to the Court, § 2254(d)(1) "prohibits a federal court from granting an application for a writ of habeas corpus with respect to a claim adjudicated on the merits in state court unless that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

---

[1] The COA is limited to this issue. Laplante filed a motion to expand the COA, which we previously denied, both on initial consideration and on reconsideration. Accordingly, we will consider Laplante's argument only on the COA's issue, and not on additional arguments that are beyond the scope of the COA. See Dorsey v. Chapman, 262 F.3d 1181, 1185 n.3 (11th Cir. 2001) (declining to address issues not included in the COA granted by the district court).

We also note that Laplante's assertion that the trial court's closure of the courtroom violated Florida law does not provide a basis for federal habeas relief. Cf. Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) ("a habeas petition grounded on issues of state law provides no basis for habeas relief"). Thus, in addition to being beyond the scope of the COA, that argument is not an appropriate ground for federal habeas relief.

Supreme Court of the United States.'" Id. at 399, 120 S. Ct. at 1516 (quoting 28 U.S.C. § 2254(d)(1)).

After thorough review of the record, including the pertinent transcripts, and careful consideration of the parties' briefs, we find no reversible error and affirm.

Laplante was tried and convicted of one count of sexual battery on a child less than twelve years of age and one count of lewd and lascivious acts in the presence of a child, all in violation of Florida law. Pursuant to Fla. Stat. § 918.16,[2] the state trial court closed the courtroom during the testimony of the six-year-old victim concerning her contact with Laplante. Upon the State's request for the closure, the trial court, without objection by Laplante, ordered the general public's exclusion during the victim's testimony. Over Laplante's subsequent objection, the trial court also excluded Laplante's family from the courtroom during the testimony.

On direct appeal from his conviction, Laplante argued that the trial court's

---

[2] The applicable version of § 918.16 provided:

> In the trial of any case, civil or criminal, when any person under the age of 16 . . . is testifying concerning any sex offense, the court shall clear the courtroom of all persons except parties to the cause and their immediate families or guardians, attorneys and their secretaries, officers of the court, jurors, newspaper reporters or broadcasters, court reporters, and, at the request of the victim, victim or witness advocates designated by the state attorney's office.

Fla. Stat. § 918.16 (1997).

3

closure of the courtroom did not comply with the Supreme Court's decision in Waller v. Georgia, 467 U.S. 39, 104 S. Ct. 2210, 81 L. Ed. 2d 31 (1984), which, the parties agree, is the clearly established federal law, within the meaning of the AEDPA, on the issue of courtroom closures in circumstances such as those presented here. Thus, Laplante exhausted this claim in the state court proceedings prior to bringing this federal habeas action. The state appellate court affirmed Laplante's conviction in a per curiam summary decision. See Laplante v. State, 736 So. 2d 1190 (Fla. Dist. Ct. App. 1999) (Table).

Laplante then filed this claim for federal habeas relief, again asserting a violation of Waller based on the closure of the courtroom, including exclusion of his family members, during the victim's testimony.[3] In Waller, the state trial court closed a suppression hearing over the objection of the defendant on account of the privacy interests of certain individuals who could be heard on the various wiretap recordings that were to be presented. See 467 U.S. at 41-42, 104 S.Ct. at 2212-13. The Supreme Court held that in order for the closure of the suppression hearing to

_____

[3] The parties debate whether this case involves a total closure or a partial closure, within the meaning of Fla. Stat. § 918.16 and our decisions in Judd and Douglas v. Wainwright, 739 F.2d 531 (11th Cir. 1984). For purposes of our analysis of the Waller claim, we assume, without deciding, that this was a total closure and, accordingly, the state court's decision had to satisfy the Waller test. See Judd, 250 F.3d at 1315 (observing that in both partial and total closures, "a court must hold a hearing and articulate specific findings," but holding that only a total closure must "satisfy the elements of the more rigorous Waller test." (quotation omitted)); cf. Douglas, 739 F.2d at 532 (finding courtroom closure was only partial because "the press and family members of the defendant, witness, and decedent were allowed to remain").

4

be in accordance with the defendants' Sixth Amendment rights,

> [1] the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the trial court must consider reasonable alternatives to closing the proceeding, and [4] it must make findings adequate to support the closure.

Id. at 48, 104 S. Ct. at 2216. The Court then determined that the closure in that case was plainly not justified because (1) "the State's proffer was not specific"; (2) "the trial court's findings were broad and general"; (3) "[t]he court did not consider alternatives to immediate closure of the entire hearing"; and (4) "the closure was far more extensive than necessary." Id. at 48-49, 104 S. Ct. at 2216-17.

Here, in rejecting Laplante's argument based on Waller, the district court observed the following:

> Petitioner has not established that the trial court's decision to close the courtroom during the child victim's testimony was contrary to or an unreasonable application of the Supreme Court holding in Waller, and its progeny. The trial court made sufficient factual findings to enable a review of whether the decision to close the trial was appropriate and no broader than necessary to protect the child's interests, considering Supreme Court precedent. Those findings addressed the child's tender age, the sensitive and potential traumatic nature of her expected testimony and the necessity of protecting her interests over the Sixth Amendment rights of the Petitioner. The court appropriately weighed the competing interests, considered the manner in which the competing interests could best be served and found that the state had an overriding interest in the victim's welfare which outweighed Petitioner's Sixth Amendment right to a public trial.

> Petitioner has failed to demonstrate by clear and convincing evidence that the state court's decision was contrary to or an unreasonable application of clearly established Supreme Court law or an unreasonable determination of the facts in light of the evidence.

(footnote omitted).

We too conclude that the state trial court's closure of the courtroom during the victim's testimony, as well as the state appellate court's affirmance of that decision in Laplante's direct appeal raising this Waller claim, was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law, as stated in Waller. On the first factor, the prosecutor stated that she wanted the courtroom closed so that "the child [could] testify in relative calm." The state trial court took this to mean the prosecutor was concerned with "the protection of this child." The Supreme Court has recognized the protection of "the physical and psychological well-being of a minor" is a "compelling" state interest in the context of a courtroom closure during a criminal trial involving the forcible rape and forced unnatural rape of three minors. Globe Newspaper Co. v. Superior Court for Norfolk County, 457 U.S. 596, 607, 102 S. Ct. 2613, 2620 (1982).

As for the second Waller factor, although the prosecutor sought a total closure during the trial, with the exception of the victim's advocate, the state trial court limited the total closure to the minor-victim's testimony. Laplante did not object to the initial request for a closure, and when he objected to the exclusion of

6

members of his family, the trial court found that the protection of the child (a compelling state interest under Globe Newspaper) required the family members to be excluded along with the general public.

On the third factor, it is clear that the state trial court considered other alternatives, including whether to close the courtroom to everybody, including the defendant's family and the victim's advocate. The trial court ultimately concluded that the victim's advocate should be permitted to remain and, therefore, modified the original ruling excluding everyone. After considering further argument on why the defendant's family also should remain, the court concluded that "in this particular instance the protection of this child outweighs any Sixth Amendment right that [Laplante] may have to have the members of his family present."

Finally, on the fourth Waller factor, the trial court's findings were adequate to support its decision to close the courtroom. Some factors that are important to consider include "the minor victim's age, psychological maturity and understanding, the nature of the crime, the desires of the victim, and the interests of parents and relatives." Globe Newspaper, 457 U.S. at 608, 102 S.Ct. at 2621 (footnote omitted); see also Judd, 250 F.3d at 1319 (discussing the lack of evidence on some of these factors). Here, the state court considered: (1) the victim's age, commenting about "the young age of the child," and also noting that she was "a

7

six-year-old"; (2) the psychological maturity and understanding of the victim when the court expressed its understanding that she was going to testify concerning "areas that are going to be extremely sensitive to the child and possibly traumatic"; (3) the nature of the crime and the resulting testimony that would be elicited, noting more than once that this was a "sexual battery" case, and also that the testimony would concern "extremely sensitive" facts; and (4) the interests of the victim's relatives when it allowed for the victim's aunt, who was also acting as the victim's advocate, to remain present during the testimony.

On this record, neither the state trial court's decision to close the courtroom nor the state appellate court's rejection of Laplante's <u>Waller</u> claim was contrary to, or an unreasonable application of, <u>Waller</u>. Although the sate trial court did not explicitly state it was applying the <u>Waller</u> test, we readily conclude that it was not objectively unreasonable for the state appellate court to affirm the trial court's decision. Accordingly, we affirm the denial of federal habeas relief.

**AFFIRMED.**