FARMER, J.,
concurring specially.
I concur only in the result.
Anytime a State witness can be shown to have lied about something related to the substance of the witness’s trial testimony, a defendant is entitled under the Confrontation Clause to cross-examine the witness *259 about the lie. A proffer of the answers that might have been gleaned from such a cross examination is unnecessary because the substance is clearly shown by the very question. It would also be illogical as a requirement for preservation because it is impossible to show where such cross-examination may lead. One reason for allowing searching cross examination of State’s witnesses to show reasonable doubt is that the nature of the impeachment actually shown is often unpredictable.
Yet in this case the failure to allow cross-examination seems to me overpoweringly harmless. Here the jury heard the defendant in his own voice declare his intention to falsely deny guilt for the crime charged. In the face of such proof of guilt from defendant’s own mouth, how could the exclusion of evidence of the witness’s dishonesty possibly affect the outcome?
I also do not agree with the court’s analysis of the closure issue. But here defendant failed to preserve the issue by arguing that Clements v. State, 742 So.2d 338 (Fla. 5th DCA 1999), conflicts with Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984), in spite of the attempt to distinguish Waller.
I agree with the remaining issues.